LISA L. YU *et al.*, Indiv. and as Guardians and Next Friends of Jaickie Lee Yu, a Minor, Plaintiffs-Appellants, v. MASUO KOBAYASHI *et al.*, Defendants-Appellees (Masuo Kobayashi *et al.*, Third-Party Plaintiffs; Bob Boes, Indiv. and d/b/a Boes Excavating, Third-Party Defendant).

Second District   No. 2—95—1201

Opinion filed June 19, 1996.

490

Leo M. Bleiman, of Leo M. Bleiman & Associates, of Chicago, for appellants.

William M. Goff, of Mateer & Associates, of Rockford, for appellees Kyoko Fukuoka, Masuo Kobayashi, and Susuko Kobayashi.

Frederic T. Brandt and Erik K. Jacobs, both of Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford, for appellee Bob Boes.

JUSTICE INGLIS delivered the opinion of the court:

On January 27, 1990, plaintiff Lisa Yu slipped and fell on snow as she exited her apartment at 6066 Boxwood Drive in Rockford. At the time of the fall, she was pregnant with the minor plaintiff, Jaickie Lee Yu. Plaintiffs, including Lisa Yu's husband, David Yu, filed a four-count amended complaint against defendants Masuo Kobayashi, Susuko Kobayashi, and Kyoko Fukuoka (owners), who owned and operated the apartment building, and Bob Boes, individually and doing business as Bob Boes Excavating (collectively Boes). Plaintiffs alleged that defendants' negligent snow removal practices created an unnatural accumulation of snow, proximately causing severe injuries to Lisa and Jaickie Lee Yu. The owners sued Boes, alleging that, if they were liable to plaintiffs, Boes was liable to the owners for its share of defendants' negligence.

The owners and Boes moved separately to dismiss the complaint. Both motions were filed after considerable discovery had taken place, and defendants did not specify which section(s) of the Code of Civil Procedure (Code) (735 ILCS 5/1—101 *et seq.* (West 1994)) they were invoking. Defendants argued that the Snow and Ice Removal Act (Act) (745 ILCS 75/0.01 *et seq.* (West 1994)) barred recovery because

plaintiffs alleged only that defendants were negligent and not that they engaged in any willful or wanton misconduct. The trial court dismissed the complaint (and thereby the third-party complaint). Plaintiffs appeal.

The issue on appeal is whether the Act applies to the facts of this case. We believe the trial court correctly found that the Act applies and bars plaintiffs' negligence claims. Therefore, we affirm the dismissal of all the counts of the complaint.

■ The pertinent portion of the Act reads:

"Any owner, lessor, occupant or other person in charge of any residential property, or any agent of or other person engaged by any such party, who removes or attempts to remove snow or ice from *sidewalks abutting the property* shall not be liable for any personal injuries allegedly caused by the *snowy or icy condition of the sidewalk* resulting from his or her acts or omissions unless the alleged misconduct was willful or wanton." (Emphasis added.) 745 ILCS 75/2 (West 1994).

Plaintiffs argue that the trial judge erred in dismissing the complaint because they raised an issue of whether the snow on which Lisa Yu fell was located on the "stoop" or on the "sidewalk." At the trial level, plaintiffs maintained that the accident scene is neither the municipal sidewalk (outside the parking lot and about 75 to 100 feet from the building) nor part of any "sidewalk" adjacent to the building. Rather, according to plaintiffs, the paved area between the door to the building and the parking lot is, at most, part "sidewalk" and part "stoop." Thus, because it is disputed whether the scene of the injury (and of the alleged negligent snow plowing) was the stoop or the sidewalk, the trial court should not have ruled that the Act applies.

The trial judge examined photographs of the scene and concluded that the Act bars the suit because the stoop directly outside the door is part of a "sidewalk," *viz.*, the paved walkway going from the door of the building to the parking lot. Thus, the court found that the injury was caused by the condition of the sidewalk. We believe that this is a sensible application of the Act and we affirm.

■ The procedural posture of this case needs clarification. Plaintiffs say little about the proper standard of review on appeal. Defendants treat the trial court's order as one entered under section 2—615(a) of the Code (735 ILCS 5/2—615(a) (West 1994)) dismissing the complaint for the failure to state a cause of action. We do not agree. Such unlabeled motions are properly characterized by their grounds, their requests, and the trial court's treatment of them. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994); *Buais v.*

*Safeway Insurance Co.*, 275 Ill. App. 3d 587, 589 (1995). We believe that the order and defendants' motions actually fit under section 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 1994)), allowing dismissal if the complaint is barred by an affirmative matter that defeats or avoids the legal effect of the claim.

Defendants have not asserted that the complaint itself fails to state a cause of action. Rather, they have invoked the Act as an affirmative defense against an otherwise valid negligence suit. See, *e.g.*, *Payne v. Lake Forest Community High School District 115*, 268 Ill. App. 3d 783, 784-85 (1994) (statutory immunity from tort liability is an affirmative defense that may be decided via a section 2—619 motion). Moreover, while a section 2—615(a) motion concerns itself solely with defects on the face of the complaint (*Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 8 (1992)), a section 2—619 proceeding enables the court to dismiss the complaint after considering issues of law or easily proved issues of fact (*Goran v. Glieberman*, 276 Ill. App. 3d 590, 592 (1995)). Here, the court applied the Act to evidence—the photographs of the accident scene—to decide that the Act applied here. The court looked beyond the four corners of the complaint to decide an easily proved issue of fact: whether the accident was caused by the presence of snow or ice on a "sidewalk" as defined by the Act.

■ We believe the court correctly found that the accident occurred on a "sidewalk" on which snow or ice allegedly had been piled. The complaint and the trial court's treatment of the evidence are both important to this finding. The first three counts of the complaint state somewhat vaguely that Lisa Yu slipped on the "premises" as she exited her apartment. However, the fourth count, directed against Boes, is more specific. It contains, *inter alia,* the following allegations. In plowing snow at 6066 Boxwood Drive, Boes caused snow to be deposited "in the area of the sidewalks and walkways adjacent to [the apartment building], thereby causing the walkways to be slick and slippery." By dumping snow onto the property's "sidewalks and walkways," Boes created an unreasonable risk that people would hurt themselves by falling on this snow. Lisa Yu could not discover the danger until she was "actually attempting to walk across the pedestrian paths and walkways alleged herein." Boes was negligent in causing and allowing the "walkways on the premises" to become covered with plowed snow and failing to remove snowpiles "from the entryway of [the] residential premises." As a proximate result of this negligence, Lisa Yu slipped and fell on snow piles "near the entry to her residence."

At the hearing on defendants' motion, plaintiffs attempted to avoid the effect of the Act by arguing that the accident did not occur

on a "sidewalk." Plaintiffs introduced two photographs of the accident scene. After viewing the photographs, the judge concluded that, whether Lisa Yu fell on the stoop or the paved area between the stoop and the parking lot, she fell on the "sidewalk." Thus, defendants were not liable for any negligence in removing or attempting to remove snow from where Lisa Yu fell.

The court's reasoning is sound. Not only does count IV of the amended complaint itself specifically allege that the accident took place on an improperly plowed sidewalk, but we believe it is undeniable that the scene of the accident was a "sidewalk" as the Act employs that term. As defendants argue, common sense dictates that, if part of the paved area between the stoop and the parking lot is the sidewalk, all of the paved strip is the sidewalk. Any distinction here between the stoop and the rest of the sidewalk is arbitrary. They are parts of the same continuous walkway. Pedestrians traverse both in quick succession to get from the building to the parking lot or vice-versa. Also, both are made of the same material and the difference in elevation is slight. Together, they form a paved path set aside primarily for pedestrians. Even if the path is not a "sidewalk" in the traditional sense of a paved area that is part of a municipal street (see *City of Elmhurst v. Buettgen*, 394 Ill. 248, 252-53 (1946)), it is sufficiently akin to a traditional sidewalk that to classify it otherwise would be unreasonable.

The segments of this path are no more separate analytically than physically. From the Act's point of view, it makes no sense to encourage the owners to remove snow from the pavement between the parking lot and the stoop but not from the small amount of additional pavement directly in front of the building's entrance. Courts ought to read a statute so as to avoid inconvenience or absurdity and further the overall purposes of the law. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995); *Baker v. Miller*, 159 Ill. 2d 249, 262 (1994). We believe our reading of the Act accords with these principles. Given this reading, the trial court correctly found that the Act bars plaintiffs' negligence claims.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

BOWMAN and THOMAS, JJ., concur.