No. 3-05-0112

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

| | | |
|---|---|---|
| KATHRYN BREMER, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) Tazewell County, Illinois, |
| | ) | |
| v. | ) | No. 01-L-157 |
| | ) | |
| LEISURE ACRES-PHASE II HOUSING | ) | |
| CORPORATION, & Robert Cottingham | ) | |
| Property Management Company, | ) | Honorable |
| | ) | Stuart P. Borden, |
| Defendants-Appellees. | )Judge, Presiding. |

_____

JUSTICE LYTTON delivered the opinion of the court:
_____

Plaintiff Kathryn Bremer brought a negligence action against apartment owner and operator, Leisure Acres-Phase II Housing Corporation and Robert Cottingham Property Management Company, alleging that she slipped and fell on a patch of ice outside her apartment.  Defendants moved for summary judgment on the basis that Bremer's claim was barred by the Snow and Ice Removal Act (Act) (745 ILCS 75/1 et seq. (West 2002)).  The trial court granted defendants' motion, and we affirm.

Bremer was a resident at a senior living community owned and managed by defendants.  On February 9, 2001, she slipped and fell on ice as she was walking on a

concrete walkway outside her apartment. The walkway is entirely within the property lines of the apartment complex and connects Bremer's apartment to defendants' parking lot. Bremer suffered injuries to her left arm and shoulder.

Bremer filed suit, claiming that she fell because of a dangerous, unnatural accumulation of ice on defendants' sidewalk. Among other things, she alleged that defendants carelessly and negligently failed to properly remove ice from the sidewalk surface after assuming the duty to do so. Bremer claimed that defendants' negligence was the direct and proximate cause of her injuries.

Defendants moved for summary judgment, arguing that Bremer's claim was barred by the Snow and Ice Removal Act. Under the Act, an owner of residential property who removes or attempts to remove snow or ice from its sidewalks abutting the property is not liable for personal injuries for negligence. See 745 ILCS 75/2 (West 2002). Since Bremer alleged that defendant was negligent for failing to properly remove ice from the sidewalk surface and negligent for allowing an unnatural accumulation of ice on the sidewalk, defendants argued that her complaint should be dismissed.

Bremer subsequently filed an amended complaint which changed all "sidewalk" references in the complaint to "walkway." Defendants renewed their motion for summary judgment. At the hearing, the trial court ordered the parties to supplement the record with an agreed sketch of the location of the fall and legislative history of the Act. Defendants filed the requested information along with a color photograph of the portion of the walkway where Bremer fell. The trial court found that Bremer's negligence claims were barred by the Act and granted defendants' motion.

ANALYSIS

2

Section 1 of the Act provides:

"It is declared to be the public policy of this State that owners and others residing in residential units be encouraged to clean the sidewalks abutting their residences of snow and ice. The General Assembly, therefore, determines that it is undesirable for any person to be found liable for damage due to his or her efforts in the removal of snow or ice from such sidewalks, except for acts which amount to clear wrongdoing, as described in section 2 of this Act." 745 ILCS 75/1 (West 2002).

Section 2 states:

"Any owner, lessor, occupant or other person in charge of any residential property, or any agent of or other person engaged by any such party, who removes or attempts to remove snow or ice from sidewalks abutting the property shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk resulting from his or her acts or omissions unless the alleged misconduct was willful or wanton." 745 ILCS 75/2 (West 2002).

The primary rule of statutory construction requires the courts to give effect to the intent of the legislature. Boaden v. Department of Law Enforcement, 171 Ill. 2d 230 (1996). The best indication of the legislature's intent is the language used in the statute itself. Stroger v. Regional Transportation Authority, 201 Ill. 2d 508 (2002). Courts must give clear and unambiguous terms in a statute their plain and ordinary meaning. Brooks v. City of Peoria, 305 Ill. App. 3d 806 (1999). Where statutory language is clear and unambiguous, we must apply the terms without the use of extrinsic aids. Courts may not read into the

statute exceptions, conditions, or limitations that the legislature did not expressly provide. Boaden, 171 Ill. 2d 230; Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc., 158 Ill.2d 76 (1994).

Bremer contends that since the Act only bars claims for negligence that occur on a "sidewalk" and she fell on a "walkway," the Act does not apply.

In order to interpret the language of the Act, we must first look to the plain and ordinary meaning of its words. The term "sidewalk" is defined as "a walk for foot passengers usu[ally] at the side of a street or roadway: a foot pavement." Webster's Third New International Dictionary 2113 (1986). The walkway in this case is a path that leads from the parking lot to the residence. It is a concrete walk for foot passengers. It is, in ordinary terms, a sidewalk. See Yu v. Kobayashi, 281 Ill. App. 3d 489 (1996) (defining a paved path between a stoop and a parking lot as a sidewalk). Absent a clear distinction that limits the term sidewalk, we must afford the word its plain and ordinary meaning.

Bremer also argues that the legislature intended to provide limited immunity for snow and ice removal because the term "abutting the property" means that the sidewalk must be a public sidewalk that borders the residential property and does not apply to walkways located entirely within private property.

We do not agree that the Act requires that the walkway "abut public property" or lie along the border of the residential property. Webster's Dictionary defines the term "abut" as "to border on: reach or touch with an end." Webster's Third New International Dictionary 8 (1986). Section 1 of the Act encourages residential owners "to clean the sidewalks abutting their property." (Emphasis added.) 745 ILCS 75/1 (West 2002). Section 2 states that any owner "in charge of any residential property" who attempts to remove snow or ice

4

from sidewalks "abutting the property" shall not be liable for personal injury. (Emphasis added.) 745 ILCS 75/2 (West 2002). "Property" in the context of "real property" is considered to be land and anything growing on, erected on, or attached to it. Black's Law Dictionary 1234 (7th ed. 1999). A "residence" is defined as a house or other fixed abode. Black's Law Dictionary 1310 (7th ed. 1999). When these terms are read together, the ordinary and plain meaning of "residential property" encompasses the land on which a house or dwelling place has been erected or attached. Thus, the clear language of the statute applies to any sidewalk that reaches or touches the residence, or that borders the residential property in general. We refuse to read limitations into the statute that the legislature did not expressly provide. See Boaden, 171 Ill. 2d 230.

Moreover, the intent of the Act is to protect owners of residential property who attempt to remove snow and ice from any sidewalk that "abuts" the residence or the residential property. See Kurczak, __ Ill. App. 3d at ___, 835 N.E.2d at 458. In this case, the sidewalk borders or "abuts" the residence. Accordingly, the Act applies to the walkway upon which Bremer slipped and fell.

Two other courts in Illinois have also interpreted the Act. Both have reached the same conclusion and agree with our interpretation of the statute. In Yu v. Kobayashi, 281 Ill. App. 3d 489 (1996), the plaintiff fell on a stoop. The stoop was part of a continuous walkway between plaintiff's front door and the parking lot of a private apartment complex. Like Bremer, the plaintiff argued that the area in which she fell was not a "sidewalk" as defined in the statute because it was not a municipal sidewalk or a sidewalk adjacent to the building. The court held that even if a paved path is not a sidewalk in the sense of a paved area that is part of a city street, "it is sufficiently akin to a traditional sidewalk that to classify

5

it otherwise would be unreasonable." Yu, 281 Ill. App. 3d at 493. Since the plaintiff fell on what the court determined to be a "sidewalk" as intended by the legislature, the Act barred her negligence cause of action. Yu, 281 Ill. App. 3d 489.

In Kurczak v. Cornwell, ___ Ill. App. 3d ___, 835 N.E.2d 452 (2005), the plaintiff argued that a paved walkway on residential property did not constitute a "sidewalk abutting the property" under the Act. There, as here, the plaintiff fell on a paved walkway between defendant's house and the driveway. The trial court granted summary judgment, finding that the Act barred the plaintiff's claims. The appellate court, citing Yu, stated that the plain and ordinary meanings of the terms "sidewalk" and "abutting" do not limit the statute's application to public sidewalks or those adjacent to a municipal roadway. It concluded that the Act applies to any sidewalk that "abuts" a "residence" or the "property." Kurczak, ___ Ill. App. 3d at ___, 835 N.E.2d at 459.

Here, the walkway satisfies the terms of the statute. Our decision facilitates the legislative intent to promote snow removal from such walkways and provide immunity for property owners. The trial court properly awarded summary judgment in favor of defendants.

CONCLUSION

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SCHMIDT, PJ. and BARRY, J., concurring.