FIFTH DIVISION

No. 1-07-0819

| | | |
|---|---|---|
| DONALD E. FLIGHT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 L 2729 |
| | ) | |
| AMERICAN COMMUNITY MANAGEMENT, INC., | ) | |
| WESTGATE VALLEY TOWNHOMES | ) | |
| CONDOMINIUM ASSOCIATION, and HARTMAN | ) | |
| AND SONS LANDSCAPING, INC., | ) | The Honorable |
| | ) | Elizabeth M. Budzinski, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the opinion of the court:

In this slip and fall personal injury action, plaintiff Donald Flight appeals from a grant of summary judgment in favor of defendants American Community Management, Inc., Westgate Valley Townhomes Condominium Association, and Hartman & Sons Landscaping, Inc. On appeal, he contends the circuit court improperly based its ruling on the Snow and Ice Removal Act (Act) (745 ILCS 75/0.01 *et seq*. (West 2006)), which he claims is in derogation of the common law. Defendant Hartman & Sons Landscaping, Inc. (Hartman), has filed one response brief and defendants American Community Management, Inc., and Westgate Valley Townhomes Condominium Association have filed a separate response adopting Hartman's.[1] We affirm.

Plaintiff was an owner and resident of a condominium in the Palos Heights, Illinois, subdivision of Westgate Valley Townhomes. Defendant Westgate Valley Townhomes Condominium Association (Association) was an organization of the condominium owners,

---

[1]Accordingly, we refer to points raised in Hartman's brief as those raised by defendants.

defendant American Community Management, Inc. (ACM), was the management company for the condominium complex, and defendant Hartman was the contractor hired to remove snow and ice from the common areas of the complex.

On January 8, 2004, at about 6 p.m., plaintiff exited his car and was walking on the driveway to his and a neighboring unit when he allegedly slipped and fell on ice. It was dark outside and the day had been cold and clear. At the time of the accident, plaintiff believes, the temperature was below freezing. Plaintiff felt his right foot "give way" and he slid forward; he believes that he slipped on ice. He did not recall seeing any snow on the driveway or seeing any snow melting.

Plaintiff recalled the last snowfall before his accident took place on January 3, 2004. He believed that the day after the snowfall there had been "a slight rain."

In March 2004, plaintiff filed a single-count action against defendants alleging they were negligent in allowing a "snowy and/or icy area to exist on the only pathway" to his condominium unit and in allowing the area " to remain covered with snow and/or ice," among other things. He alleged that defendants' negligence caused him to slip and fall, and thereby suffer personal injuries. Plaintiff subsequently amended the complaint to include a second count directed specifically at the removal of snow by Hartman. In addition to raising essentially the same allegations initially, in the amended complaint plaintiff also alleged that Hartman failed to apply a de-icing agent to keep the area from freezing.

In 2006, Hartman filed a motion for summary judgment, as did the other defendants shortly thereafter. Among the undisputed facts were the following: plaintiff did not recall seeing

any snow melting on the day of his accident, nor did he recall any snow on that day; the last snowfall that plaintiff recalled was approximately five days before, on January 3; plaintiff did not recall any depressions or holes in the driveway that would cause it to retain water; and he believed that, since the snowfall on January 3, there had been "a slight rain." In its motion, Hartman alleged that it was hired to remove snow after a snowfall of more than two inches, but it never salted sidewalks or driveways; rather, any salting or de-icing was done only upon request of ACM. Hartman based its motion on the absence of any duty to remove natural accumulations of snow or ice, and the absence of any duty other than that defined by contract. Further, Hartman urged application of provisions of the Act that remove liability for personal injuries allegedly caused by icy conditions upon a walkway absent willful and wanton misconduct because plaintiff was using the driveway as a walkway.

On March 2, 2007, following a hearing, the court entered written orders granting the two separate motions for summary judgment in favor of defendants. Plaintiff timely filed this appeal.

On appeal, plaintiff contends that the court failed to follow rules of statutory construction concerning strict construction of the Act, which he further claims is in derogation of the common law and was improperly applied here.

The purpose of a summary judgment motion is to determine whether a genuine issue of material fact exists which should be tried. Purtill v. Hess, 111 Ill. 2d 229, 240 (1986); Crane v. Triangle Plaza, Inc., 228 Ill. App. 3d 325, 328 (1992). Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

No. 1-07-0819

as a matter of law." 735 ILCS 5/2-1005(c) (West 2006). The grant of summary judgment is reviewed *de novo*. Judge-Zeit v. General Parking Corp., 376 Ill. App. 3d 573, 578 (2007); McBride v. Taxman Corp., 327 Ill. App. 3d 992, 995 (2002).

Under section 1 of the Act, it is declared public policy that "owners and others residing in residential units be encouraged to clean the sidewalks abutting their residences of snow and ice." 745 ILCS 75/1 (West 2006). Section 1 provides that "[t]he General Assembly, therefore, determines that it is undesirable for any person to be found liable for damages due to his or her efforts in the removal of snow or ice from such sidewalks, except for acts which amount to clear wrongdoing, as described in section 2 of this Act." 745 ILCS 75/1 (West 2006). Section 2 of the Act imposes liability for personal injuries only where there is willful or wanton conduct:

> "Any owner, lessor, occupant or other person in charge of any residential property, or any agent of or other person engaged by any such party, who removes or attempts to remove snow or ice from sidewalks abutting the property shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk resulting from his or her acts or omissions unless the alleged misconduct was willful or wanton." 745 ILCS 75/2 (West 2006).

Defendants claim that summary judgment was proper because, among other things, plaintiff failed to provide any evidence that he slipped on anything other than a natural accumulation of ice. We agree.

Defendants acknowledge that the court's written order stated that the summary judgment was based on the Act. However, they also note that review is *de novo* and this court may affirm

4

the order on any basis. See <u>Aetna Casualty & Surety Co. v. James J. Benes & Associates, Inc.</u>, 229 Ill. App. 3d 413, 417 (1992). With that in mind, defendants assert that the order could have been granted on plaintiff's failure to present any evidence that his fall occurred on anything other than a natural accumulation of ice.

At the summary judgment stage, although the plaintiff need not prove his cause, he must present some evidentiary facts to support the elements of his cause of action. <u>Aetna Casualty</u>, 229 Ill. App. 3d at 416. See also <u>Hanna v. Marshall Field & Co.</u>, 279 Ill. App. 3d 784, 790 (1996). To state a cause of action for negligence, the plaintiff must allege facts sufficient to show the existence of a duty, a breach of that duty, and injury to the plaintiff which is proximately caused by that breach. <u>Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.</u>, 169 Ill. 2d 110, 116 (1995); <u>Crane</u>, 228 Ill. App. 3d at 328.

The general rule is that there is no duty to remove natural accumulations of snow or ice. <u>McBride</u>, 327 Ill. App. 3d at 996; <u>Eichler v. Plitt Theatres, Inc.</u>, 167 Ill. App. 3d 685, 688 (1988). Where a management company merely retains a snow removal contractor on behalf of the owner, it does not have a contractual obligation to remove snow or ice. <u>McBride</u>, 327 Ill. App. 3d at 996-97. Further, where a contractor has entered into a contract to undertake snow removal, the scope of the duty is determined by the terms of the contract. <u>McBride</u>, 327 Ill. App. 3d at 996-97; <u>Eichler</u>, 167 Ill. App. 3d at 689. Where a duty has been imposed on a snow removal contractor, the duty was only not to negligently remove snow by creating or aggravating an unnatural accumulation of ice and snow. <u>McBride</u>, 327 Ill. App. 3d at 996. Rather, the plaintiff must, to prevail in his action, show that the ice upon which he allegedly fell was an unnatural

accumulation created by the defendant. Eichler, 167 Ill. App. 3d at 692.

In the instant case, as defendants point out, according to the record, Hartman cleared the snow that fell on or about January 3 pursuant to its contract and plaintiff failed to present any evidence to show that Hartman did so improperly. Further, there is nothing in the record to make the requisite showing that the ice upon which plaintiff fell was an unnatural accumulation. See Eichler, 167 Ill. App. 3d at 692. To the contrary, the record shows that plaintiff concedes that after the snow removal, it had rained and the rain froze. Therefore, summary judgment was properly granted on the basis of an absence of showing of an unnatural accumulation.

Given this conclusion, we address only briefly plaintiff's contention that the Act was improperly applied. Plaintiff bases his contention that the Act does not apply primarily on his insistence that a driveway is distinct from a sidewalk and, thus, the location of his accident did not come within the purview of the Act. He asserts that a "driveway" is defined as a road "for driving on," while a "sidewalk" is defined as a "paved walkway" or "path for pedestrians." Yet, plaintiff alleges that he was, in essence, using the driveway as a walkway when he fell.

This court has previously addressed contentions almost exactly the same as that raised by plaintiff. In those instances, this court has rejected arguments, similar to plaintiff's, that the Act did not apply to bar claims concerning a fall on a "walkway" rather than a sidewalk or that the sidewalk must be a public sidewalk bordering the residential property rather than a walkway entirely on private property (Bremer v. Leisure Acres-Phase II Housing Corp., 363 Ill. App. 3d 581, 584 (2006); Kurczak v. Cornwell, 359 Ill. App. 3d 1051, 1057-59 (2005)); it has also rejected contentions that the Act did not apply where the fall took place on a "stoop" that was

6

part of a paved walkway from the building to the parking lot (Yu v. Kobayashi, 281 Ill. App. 3d 489, 492-93 (1996)). In so deciding, the court has considered other paved surfaces upon which the plaintiff walked and found each such walkway to be sufficiently akin to a "traditional" sidewalk such that the Act applied. Kurczak, 359 Ill. App. 3d at 1058; Yu, 281 Ill. App. 3d at 493. Given plaintiff's allegations that he was "walking to his unit" on the driveway, under Bremer, Kurczak, and Yu, the driveway was sufficiently akin to a sidewalk such that the application of the Act was proper. Here, the Act was properly applied to bar plaintiff's claim. Finding that the Act was properly applied as a basis for granting summary judgment, we need not reach plaintiff's related contention that the Act is in derogation of the common law and, thus, we reject plaintiff's suggestion to consider the issue as one of first impression.

Therefore, because there is nothing in the record to show that there was any unnatural accumulation of ice on the driveway surface upon which plaintiff allegedly fell, the court properly granted summary judgment in favor of defendants. Accordingly, the orders granting summary judgment are affirmed.

Affirmed.

GALLAGHER and O'MARA FROSSARD, JJ., concur.

No. 1-07-0819

Please use the following form

Donald E. Flight,

        Plaintiff-Appellant,

v.

American Community Management, Inc., Westgate Valley Townhomes Condominium Association, and Hartman and Sons Landscaping, Inc.,

        Defendants-Appellees.

Docket No.

COURT
Opinion
Filed

No.   1-07-0819

Appellate Court of Illinois
First District, FIFTH Division

July 25, 2008
(Give month, day and year)

PRESIDING JUSTICE JAMES FITZGERALD SMITH DELIVERED THE OPINION OF THE COURT:

JUSTICES       GALLAGHER and O'MARA FROSSARD, JJ.   concur.

APPEAL from the Circuit Court of Cook County; the Hon_____ Judge Presiding.

Lower Court and Trial Judge(s) in form indicated in margin:

Cook           Appeal from the Circuit Court of Cook County.

The Hon. ELIZABETH M. BUDZINSKI  Judge presiding.

FOR APPELLANTS
John Doe, of Chicago

For APPELLEES, :

Smith and Smith of Chicago,

Indicate if attorney represents APPELLANTS or APPELLEES and include attorney's of counsel. Indicate the word r NONE if not represented.

APPELLANT: JOSEPH A. TERC, Arlington Heights, IL Joseph A. Terc.

APPELLEES AMERICAN COMMUNITY MANAGEMENT, INC. and WETGATE VALLEY TOWNHOMES CONDOMINIUM ASSOCIATION: MICHAEL W. RATHSACK, Chicago, IL Mark W. Reinke and Michael W. Rathsack.

APPELLEE HARTMAN AND SONS LANDSCAPING, INC.: BRUCE FARREL DORN & ASSOCIATES, Chicago, IL Ellen J. O'Rourke and Kenneth E. Klimczak.

(Joseph Brown, of counsel) Add attorneys for third-party appellants and/or appellees.