No. 2--09--0271        Filed: 1-27-10

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| KEVIN F. GALLAGHER, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 08--L--873 |
| | ) | |
| THE UNION SQUARE CONDOMINIUM | ) | |
| HOMEOWNER'S ASSOCIATION, | ) | |
| VANGUARD COMMUNITY | ) | |
| MANAGEMENT, INC., Indiv. and as an | ) | |
| Agent of Union, and LANDSCAPES | ) | |
| CONCEPT MANAGEMENT, INC., | ) | Honorable |
| | ) | Christopher C. Starck, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

On February 17, 2009, the circuit court of Lake County dismissed the complaint filed by plaintiff, Kevin F. Gallagher, against defendants, Union Square Condominium Homeowner's Association (Union), Vanguard Community Management, Inc. (Vanguard), and Landscapes Concept Management, Inc. (Landscapes), on Landscapes' motion under section 2--619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2--619(a)(9) (West 2008)).  Plaintiff appeals, arguing that the trial court erred in determining that the Snow and Ice Removal Act (Act) (745 ILCS 75/1 et seq. (West 2008)) barred plaintiff's claims against defendants.  For the reasons that follow, we reverse and remand the matter to the trial court for further proceedings.

BACKGROUND

On October 22, 2008, plaintiff filed a two-count complaint against defendants. With respect to both counts, plaintiff made the following allegations. As of February 6, 2008, Union was the owner of the common elements and areas of the condominium development in which plaintiff owned a unit and resided. Under the declaration of condominium ownership, Union was responsible for the administration and maintenance of the common areas of the development. Union retained Vanguard to serve as Union's agent in the administration and management of the development, including the common areas. Thereafter, on August 18, 2007, Vanguard, as the agent for Union, entered into a contract with Landscapes under which Landscapes was to provide snow removal services for the development. Included in the common areas of the development for which Union and Vanguard were responsible was a driveway leading to plaintiff's garage. This driveway was also covered by the snow removal contract between Vanguard and Landscapes.

On February 6, 2008, significant snowfalls occurred, resulting in the accumulation of snow on plaintiff's driveway. In response to the snowfall, Landscapes plowed a single, narrow path up the middle of plaintiff's driveway, causing the unnatural formation of a snow mound in front of plaintiff's garage door, which impeded plaintiff's access to the garage by foot or car. In addition, Landscapes' plowing caused the unnatural formation of snow mounds on each side of the plowed path, which impeded access to any other pedestrian route between the street and the garage and which necessitated use of the plowed path to travel between the street and the garage. Finally, Landscapes' plowing created the unnatural formation of a sheer packed ice surface, which was covered and obscured by fresh snow. Defendants did not salt or sand the path, nor was any warning posted regarding the conditions of the driveway. Defendants knew or should have known of the

existence of the unreasonably dangerous condition and the risk it presented to people on the premises.

Upon arrival at his home the afternoon of February 6, 2008, plaintiff discovered that the manner in which Landscapes had plowed his driveway made access to his garage by car impossible. Accordingly, plaintiff parked his car on the street and walked toward his garage to ascertain what would be required in order to get his car into his garage. While walking on the plowed path on the driveway, plaintiff slipped and fell, sustaining severe right distal tibia and fibula fractures.

In count I, plaintiff alleged that Union and Vanguard were negligent in (1) failing to inspect the common areas of the development, including plaintiff's driveway, to make certain that they were free from the unnatural accumulation of snow and ice; (2) allowing the unnatural accumulation of snow and ice on plaintiff's driveway; (3) failing to spread salt or sand over the unnatural accumulation of snow and ice on plaintiff's driveway; (4) failing to direct or control Landscapes with respect to the foregoing; (5) failing to post, erect, or otherwise provide warnings of the risk presented by the unnatural accumulation of snow and ice; and (6) failing to provide a safe pedestrian route between the street and plaintiff's garage. In count II, plaintiff alleged that Landscapes was negligent in (1) failing to inspect the common areas of the development, including plaintiff's driveway, to make sure they were free from the unnatural accumulation of snow and ice; (2) allowing the unnatural accumulation of snow and ice on plaintiff's driveway; (3) failing to spread salt or sand over the unnatural accumulation of snow and ice; (4) failing to post, erect, or otherwise provide warnings of the risk presented by the unnatural accumulation of snow and ice; (5) failing to provide a safe pedestrian route between the street and plaintiff's garage; (6) creating an unnatural accumulation of snow mounds impeding plaintiff's access to his garage; (7) creating an unnatural accumulation of a slippery, ice-packed pedestrian surface; and (8) impeding and limiting plaintiff's access to any

pedestrian route between the street and plaintiff's garage other than the narrow, slippery, ice-packed path created by Landscapes' plowing.

On January 2, 2009, Landscapes filed a motion to dismiss plaintiff's complaint under section 2--619(a)(9) of the Code. In its motion to dismiss, Landscapes argued that plaintiff's complaint was barred by the Act.

Following a hearing on February 17, 2009, the trial court granted the motion to dismiss and dismissed plaintiff's complaint in its entirety, stating that its order disposed of "all claims and all parties." According to the trial court's order, all of the other defendants had joined in Landscapes' motion to dismiss the complaint. Although no transcript of the February 17, 2009, hearing is included in the record on appeal, none of the parties disputes that the trial court dismissed plaintiff's entire complaint under the Act.

Plaintiff then filed this timely appeal.

ANALYSIS

On appeal, plaintiff contends that the trial court erred in dismissing his entire complaint, because (1) the Act does not apply where a plaintiff falls on a driveway, and (2) his complaint contained premises liability claims against Union and Vanguard that should not have been dismissed, even if the Act applies where a plaintiff falls on a driveway. We address each of these contentions in turn.

"A motion to dismiss pursuant to section 2--619 admits the legal sufficiency of a complaint, but asserts affirmative matters that avoid or defeat the allegations contained in the complaint." Corcoran-Hakala v. Dowd, 362 Ill. App. 3d 523, 525 (2005). The truth of all well-pleaded allegations in the complaint is conceded under a section 2--619 motion to dismiss. Abruzzo v. City

of Park Ridge, 231 Ill. 2d 324, 331 (2008); Provenzale v. Forister, 318 Ill. App. 3d 869, 879 (2001). In addition, we must interpret the pleadings and supporting materials in the light most favorable to the nonmoving party. Abruzzo, 231 Ill. 2d at 332. Our review of the trial court's decision is de novo. Robinson v. Toyota Motor Credit Corp., 201 Ill. 2d 403, 411 (2002).

Plaintiff first argues that the Act does not bar his claims. Section 2 of the Act provides:

"Any owner, lessor, occupant or other person in charge of any residential property, or any agent of or other person engaged by any such party, who removes or attempts to remove snow or ice from sidewalks abutting the property shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk resulting from his or her acts or omissions unless the alleged misconduct was willful or wanton." 745 ILCS 75/2 (West 2008).

This immunity from liability is intended to further the public policy and purpose of the Act as stated in section 1 of the Act:

"It is declared to be the public policy of this State that owners and others residing in residential units be encouraged to clean the sidewalks abutting their residences of snow and ice. The General Assembly, therefore, determines that it is undesirable for any person to be found liable for damages due to his or her efforts in the removal of snow or ice from such sidewalks, except for acts which amount to clear wrongdoing, as described in Section 2 of this Act." 745 ILCS 75/1 (West 2008).

Plaintiff contends that the Act does not apply to his claims, because the Act immunizes defendants against only those injuries sustained on sidewalks and not those sustained on driveways. Defendants contend that, because plaintiff was walking on the driveway at the time he fell and because the

driveway was the primary means of ingress and egress to and from plaintiff's unit, the driveway was sufficiently akin to a sidewalk to come within the scope of the Act. Accordingly, the question before us is whether the use of the word "sidewalk" in section 2 of the Act includes driveways. We conclude that it does not.

In construing a statute, our primary function is to give effect to the legislature's intent. Abruzzo, 231 Ill. 2d at 332. The best indicator of the legislature's intent is the plain and ordinary meaning of the statute's language. Abruzzo, 231 Ill. 2d at 332. When a statute is clear and unambiguous, a court must give effect to the plain and ordinary meaning of the language without resort to other tools of statutory construction. Abruzzo, 231 Ill. 2d at 332. We may not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent. In re Consolidated Objections to Tax Levies of School District No. 205, 193 Ill. 2d 490, 496 (2000). We assume that the legislature did not intend absurdity, inconvenience, or injustice. Michigan Avenue National Bank v. County of Cook, 191 Ill. 2d 493, 504 (2000).

We conclude that the plain language of the Act does not provide immunity for injuries sustained on driveways. Section 2 of the Act specifically provides that defendants "shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk." (Emphasis added.) 745 ILCS 75/2 (West 2008). The term "sidewalk" is generally understood to be "a walk for foot passengers usu[ally] at the side of a street or roadway: a foot pavement." Webster's Third New International Dictionary 2113 (1986); see also Bremer v. Leisure Acres-Phase II Housing Corp., 363 Ill. App. 3d 581, 584 (2006) (relying on the same definition of sidewalk in interpreting the Act); Kurczak v. Cornwell, 359 Ill. App. 3d 1051, 1057 (2005) (same). This common

understanding of the term "sidewalk" as a path intended for pedestrians has been emphasized in other cases examining the term "sidewalk" as it is used in the Act. See Bremer, 363 Ill. App. 3d at 584 (determining that the pathway between the plaintiff's apartment building and the parking lot was a sidewalk under the Act because it was "a concrete walk for foot passengers" (emphasis added)); Kurczak, 359 Ill. App. 3d at 1057 (stating that under the Act, the term "sidewalk" encompasses all " 'foot pavements' " leading to and from the residence, whether public or private (emphasis added)); Yu v. Kobayashi, 281 Ill. App. 3d 489, 493 (1996) (determining that the paved area, including the stoop, leading from the apartment building to the parking lot constituted a sidewalk under the Act because the path plus the stoop "form[ed] a paved path set aside primarily for pedestrians" (emphasis added)).

A driveway, in contrast, is commonly understood to be a surface on which one drives motor vehicles from a street to a private building--"a private road giving access from a public thoroughfare to a building or buildings on abutting grounds" (Webster's Third New International Dictionary 692 (1986)). It is not commonly understood to be synonymous with a sidewalk, as it is not "a walk for foot passengers" or a "foot pavement." To extend the scope of the Act to include driveways would be to read into the Act an additional term that the legislature did not expressly include. See Ultsch v. Illinois Municipal Retirement Fund, 226 Ill. 2d 169, 190 (2007) ("a court should not attempt to read a statute other than in the manner in which it was written"); In re Consolidated Objections, 193 Ill. 2d at 496 (courts may not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent).

Moreover, in construing statutes in derogation of the common law, courts may not "presume that an innovation thereon was intended further than the innovation which the statute specifies or

clearly implies." Adams v. Northern Illinois Gas Co., 211 Ill. 2d 32, 69 (2004). Thus, "Illinois courts have limited all manner of statutes in derogation of the common law to their express language, in order to effect the least--rather than the most--change in the common law." Adams, 211 Ill. 2d at 69-70 (citing cases). In line with this principle, any legislative intent to abrogate the common law must be clearly and plainly expressed, and we will not presume such an intent from ambiguous language. Tomczak v. Planetsphere, Inc., 315 Ill. App. 3d 1033, 1038 (2000). The repeal or preemption of a common-law remedy by implication is not favored. Callahan v. Edgewater Care & Rehabilitation Center, Inc., 374 Ill. App. 3d 630, 634 (2007). A statute that appears to be in derogation of the common law will be strictly construed in favor of the person sought to be subjected to the statute's operation. Tomczak, 315 Ill. App. 3d at 1038; see also Van Meter v. Darien Park District, 207 Ill. 2d 359, 380 (2003) (stating that, because the Local Governmental and Governmental Employees Tort Immunity Act was in derogation of the common law, "it must be strictly construed against the public entities involved").

Under the common law, a property owner has no duty to remove natural accumulations of snow and ice. McBride v. Taxman Corp., 327 Ill. App. 3d 992, 996 (2002); American States Insurance Co. v. A.J. Maggio Co., 229 Ill. App. 3d 422, 425 (1992). A property owner may be liable, however, where the accumulation of snow and ice was caused or aggravated by him, or where he has voluntarily undertaken to remove snow and ice but has done so negligently. McBride, 327 Ill. App. 3d at 996; American, 229 Ill. App. 3d at 425-26. In addition, a snow-removal contractor may be liable to a third party where the contractor negligently removes snow and ice in that the contractor creates or aggravates an unnatural accumulation of snow and ice. McBride, 327 Ill. App. 3d at 996.

The Act is in derogation of this common law in that it provides immunity for injuries sustained by a person as a result of the attempted clearing of sidewalks abutting the property. See 745 ILCS 75/2 (West 2008). Where, under the common law, an owner or snow-removal contractor may have been liable for such injuries where the injuries were the result of an unnatural accumulation of snow and ice created or aggravated by the owner or snow-removal contractor, they are now immune unless their conduct was willful or wanton.

Given that the Act is in derogation of the common law, we are further constrained in our interpretation of the Act. We must strictly construe the statute and may not presume that the legislature intended anything other than that which the statute expressly states. Adams, 211 Ill. 2d at 69-70. Consequently, we must limit the Act's application to injuries suffered on sidewalks, as the Act refers only to sidewalks and makes no mention of driveways or any other type of surface. Were we to hold that the Act, by referring to sidewalks, also applied to driveways, we would be repealing a common-law remedy--liability for injuries resulting from the negligent creation or aggravation of an unnatural accumulation of snow and ice on driveways. That is something we are not permitted to do. Callahan, 374 Ill. App. 3d at 634. Accordingly, we conclude that the plain language of the Act does not provide immunity for injuries sustained on driveways.

Defendants urge us to follow the First District's interpretation of the Act as found in Flight v. American Community Management, Inc., 384 Ill. App. 3d 540 (2008). In Flight, the plaintiff alleged that he had slipped and fallen on ice on his driveway that the defendants--the condominium association, the condominium management company, and the snow-removal contractor--negligently allowed to accumulate. Flight, 384 Ill. App. 3d at 541-42. The trial court granted summary

judgment in favor of the defendants, and the plaintiff appealed, arguing that the trial court had erroneously applied the Act. Flight, 384 Ill. App. 3d at 542.

On appeal, the First District agreed with the defendants' contention that summary judgment was appropriate because the plaintiff failed to provide any evidence that he had slipped on anything other than a natural accumulation of ice. Flight, 384 Ill. App. 3d at 543. Because there is no duty to remove natural accumulations of snow or ice and defendants may be liable for only those injuries sustained on unnatural accumulations of snow or ice, the plaintiff was required to present some evidence that he slipped on an unnatural accumulation in order to avoid summary judgment. Flight, 384 Ill. App. 3d at 544. The First District therefore concluded that summary judgment against the plaintiff was proper, because the plaintiff had failed to present any evidence that he slipped on an unnatural accumulation of ice. Flight, 384 Ill. App. 3d at 544.

Although it had already concluded that the trial court had not erred in granting the defendants' motion for summary judgment, the First District continued with a discussion of the application of the Act to liability for injuries sustained on a driveway. The First District concluded that the trial court had properly applied the Act to bar the plaintiff's claims because, given that the plaintiff was walking on his driveway at the time he fell, the plaintiff's driveway was "sufficiently akin to a sidewalk" to warrant application of the Act. Flight, 384 Ill. App. 3d at 545. In so deciding, the First District did not engage in any interpretation of the Act, but instead relied solely on three earlier cases for the proposition that a surface need be only "sufficiently akin" to a sidewalk to come within the Act--Bremer, Kurczak, and Yu.

We decline to adopt the First District's interpretation of the Act, because it is contrary to the plain language of the Act and because we do not believe that Bremer, Kurczak, and Yu mandate such

an interpretation. As discussed, when the principles of statutory construction are applied to the Act, the conclusion that the Act does not provide immunity for injuries sustained on driveways becomes apparent. The First District did not engage in any statutory interpretation, apply any of the well-recognized principles of statutory construction, or examine the plain language of the Act. Instead, the First District simply relied upon three cases that are distinguishable from the present case and the case presented in Flight.

In Bremer, the plaintiff sued the owner and management company of her apartment building after she slipped and fell on a patch of ice located on the concrete walkway leading from the apartment building to the building's parking lot. Bremer, 363 Ill. App. 3d at 582. The plaintiff argued that the Act should not bar her claims, because she fell on a "walkway" on the premises rather than a public sidewalk bordering the property. The Third District disagreed, holding that the surface on which the plaintiff fell was a sidewalk under the plain language of the Act because it was a paved path for foot passengers. Bremer, 363 Ill. App. 3d at 584.

In Kurczak, the plaintiff sued his ex-wife for injuries he suffered after slipping and falling on ice located on a paved walkway between the defendant's driveway and front door. Kurczak, 359 Ill. App. 3d at 1054. The plaintiff contended that the Act should not bar his claim, because the Act applied only to public sidewalks bordering residential property, not private walkways located entirely on private property. Kurczak, 359 Ill. App. 3d at 1056. This court concluded that the surface on which the plaintiff fell was a sidewalk under the plain language of the Act because it was a walk for foot passengers and because the Act did not distinguish between public and private sidewalks. Kurczak, 359 Ill. App. 3d at 1057.

The plaintiff in Yu sued the owners of her apartment building and the snow-removal contractor after she slipped and fell on snow that had accumulated on the walkway leading from the apartment building to the building's parking lot. Yu, 281 Ill. App. 3d at 490-91. The plaintiff contended on appeal that the trial court erred in dismissing her complaint under the Act, because there existed a genuine issue of material fact as to whether she fell on the "stoop" or the "sidewalk." Yu, 281 Ill. App. 3d at 491. This court concluded that the Act applied regardless of whether plaintiff fell on the "stoop," because the "stoop" was part of the sidewalk under the plain language of the Act, in that both the "stoop" and the sidewalk were paved surfaces set aside primarily for pedestrians. Yu, 281 Ill. App. 3d at 493.

In all three of these cases, the courts were presented with factual situations distinguishable from those at issue in the present case and in Flight. In Bremer, Kurczak, and Yu, the courts were asked to determine whether, under the Act, the term "sidewalk" included private paved walkways and a stoop connected to a private paved walkway. All of these surfaces were primarily intended for use by pedestrian traffic and, thus, were determined to fall under the ordinary meaning of a sidewalk as a "walk for foot passengers" or a "foot pavement." None of these surfaces was intended to be utilized by motor vehicles, nor could they, practically speaking, be used by motor vehicles. In contrast, the surfaces in both the present case and Flight were driveways--commonly understood to be surfaces used for motor vehicles and not to be synonymous with sidewalks.

Moreover, despite the First District's contention, the courts in Bremer, Kurczak, and Yu did not determine that the surfaces in those cases were sidewalks under the Act because they were "sufficiently akin" to sidewalks, but did so because they concluded that the surfaces at issue were actual sidewalks under the plain meaning of that term. Bremer, 363 Ill. App. 3d at 584; Kurczak,

359 Ill. App. 3d at 1057; Yu, 281 Ill. App. 3d at 493. The statement in Yu (which was quoted in Kurczak) that the sidewalk there was sufficiently akin to a traditional sidewalk was made in response to the contention that the walkway at issue was not a traditional sidewalk in that it was not part of a municipal street. See Yu, 281 Ill. App. 3d at 493 ("Even if the path is not a 'sidewalk' in the traditional sense of a paved area that is part of a municipal street [citation], it is sufficiently akin to a traditional sidewalk that to classify it otherwise would be unreasonable"). The statement did not alter the determination that the surface constituted a sidewalk as that term is commonly understood. Nor did it establish a test for determining whether surfaces not encompassed in the plain meaning of the term "sidewalk" nevertheless constitute a sidewalk for purposes of the Act.

Finally, we find problematic the Flight court's determination that the driveway in that case was sufficiently akin to a sidewalk simply because the plaintiff was walking on it (Flight, 384 Ill. App. 3d at 545). If we were to adopt the analysis of Flight, we would be forced to consider any paved surface on which a plaintiff might walk, whether on a regular basis or only once, a sidewalk under the Act. To do so would be to assume that the legislature, by its use of the term "sidewalk," intended to abrogate the entirety of the common-law liability imposed on residential property owners and their agents for negligent snow removal; this we may not do. See Adams, 211 Ill. 2d at 69 (courts may not "presume that an innovation thereon was intended further than the innovation which the statute specifies or clearly implies"); Michigan Avenue, 191 Ill. 2d at 504 (in interpreting statutes, courts are to assume that the legislature did not intend absurdity, inconvenience, or injustice).

We are aware that in many modern housing developments the driveway is the only paved means of ingress and egress to and from homes for both vehicle and foot traffic and that, as a result,

public policy would be well served to encourage the clearing of such surfaces. These considerations, however, do not alter the plain language of the Act, by which we are constrained. Such considerations are within the province of the legislature to act upon should it see fit.

In sum, we conclude that the plain language of the Act does not provide immunity for injuries sustained on driveways. Accordingly, the trial court erred when it dismissed plaintiff's complaint on the basis that his claims were barred by the Act. Because we have concluded that the trial court erred in dismissing plaintiff's complaint under the Act, we need not address plaintiff's contention that even if the Act did apply to bar some claims, his premises liability claims should not have been dismissed. We therefore reverse the trial court's dismissal of plaintiff's complaint and remand the matter to the trial court for further proceedings.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the Lake County circuit court and remand for further proceedings.

Reversed and remanded.

McLAREN and BOWMAN, JJ., concur.