SECOND DIVISION

No. 1-10-1794

| | | |
|---|---|---|
| DELOYSE WILLIAMS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 06 L 9650 |
| | ) | |
| SEBERT LANDSCAPE COMPANY, | ) | Honorable |
| | ) | Susan McDunn, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Cunningham and Justice Karnezis concurred in the judgment.

OPINION

Plaintiff Deloyse Williams sustained personal injuries from a slip and fall on a patch of ice in the parking lot of the building where she worked in Elk Grove Village, Illinois. On September 13, 2006, she sued both the owner of the property and the snow removal contractor responsible for clearing the parking lot, alleging that their negligent snow removal caused her to slip and fall. Williams settled with the property's owner and proceeded to trial against the snow removal contractor, defendant Sebert Landscape Company. On defendant's motion and over Williams' objection the trial court instructed the jury as to plaintiff's burden of proof using Illinois Pattern Instructions (IPI) Civil 125 series designated for owner-occupiers rather than contractors. The jury found in favor of defendant, Sebert Landscape. Williams then filed the instant appeal, arguing that the trial court erred in giving the IPI Civil 125 series instructions. For

No. 1-10-1794

the following reasons, we reverse and remand for a new trial.

JURISDICTION

The trial court entered a final judgment in the instant case on May 24, 2010, and plaintiff filed her notice of appeal on June 23, 2010. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

BACKGROUND

Plaintiff Deloyse Williams worked the night shift at a United States Postal Service facility on Busse Highway in Elk Grove Village. At approximately 3:25 a.m. on the morning of January 7, 2005, she was leaving her place of employment to take her lunch break. As she crossed the parking lot to reach her car, Williams slipped and fell on a patch of ice. She testified at trial that the ice patch measured approximately 10 inches by 10 inches and was 2 inches thick.

Snow had fallen on January 5, 2005, two days prior to Williams' fall, and Williams had observed Sebert Landscape trucks plowing the parking lot at approximately 5:30 a.m. on January 6, 2005. Instead of moving the snow off the parking lot, the Sebert Landscape trucks piled snow in the center of the lot.

Williams filed a two-count complaint against defendants Centerpoint Properties, the owner of the Busse Highway facility, and Sebert Landscape Company which, under contract with Centerpoint, was responsible for clearing snow from the parking lot. Williams alleged that both defendants were liable for negligently clearing snow from the parking lot on January 5,

2

2005. Williams settled with Centerpoint on December 2, 2009, and proceeded to trial against Sebert Landscape.

At trial, Williams testified that she believed the ice patch on which she slipped was formed by melted runoff from the snow pile in the middle of the parking lot that had later re-frozen. Although Williams had testified at her discovery deposition that temperatures had stayed below the freezing point during the time period in question, she testified at trial that temperatures had warmed up during the daytime.

The Centerpoint- Sebert Landscape contract required Sebert Landscape to clear snow from the parking lot at the time of plaintiff's fall. Sebert Landscape was not responsible for clearing any ice that may have formed there. However, when clearing the snow the contractor was permitted to salt the lot at its discretion.

After all of the evidence had been presented, the trial court held a jury instruction conference. Williams submitted instructions from the IPI Civil 20 series and Sebert Landscape submitted instructions from the IPI Civil 125 series. The details of these instructions will be discussed further below. Over Williams' objections, the trial court used the 125 series instructing the jury as to the plaintiff's burden of proof. The jury found in favor of defendant Sebert Landscape and the trial court entered judgment on the verdict.

Williams filed a motion for a new trial, alleging that the trial court erred in using the 125 series instructions. In denying Williams' motion, the trial court found that Sebert Landscape stood in the position of an owner-occupier and thus was entitled to the 125 series instructions for

owner-occupiers. The court explained its reasoning as follows: "[Sebert Landscape] clearly had possession and control with regard to snow removal operations and the condition of the lot with regard to snow or ice."

This timely appeal followed.

ANALYSIS

Williams argues on appeal that the trial court erred by giving the 125 series jury instructions instead of the 20 series instructions. We review a trial court's decision to give or deny a jury instruction for abuse of discretion. *Clarke v. Medley Moving & Storage, Inc.*, 381 Ill. App. 3d 82, 91 (2008). In making such a decision, a trial court abuses its discretion if it gives instructions that do not form a clear and correct picture of the applicable law and relevant principles. *Bulger v. Chicago Transit Authority*, 345 Ill. App. 3d 103, 122 (2003). If a trial court's use of improper jury instructions seriously prejudices a party's right to a fair trial, then we shall grant that party a new trial. *Bulger*, 345 Ill. App. 3d at 121; see also *Esser v. McIntyre*, 169 Ill. 2d 292, 302-03 (1996) ("Since the jury was instructed on the wrong standard of care, the decision of the circuit court must be reversed and the cause remanded.").

We begin by determining the proper standard of care that applied to Sebert Landscape as a snow removal contractor. What standard of care a party owes another is a question of law and, as such, we review that issue *de novo. Simich v. Edgewater Beach Apartments Corp.*, 368 Ill. App. 3d 394, 407 (2006). At trial, Sebert urged that it was subject to an owner-occupier standard of care. The trial court agreed with this argument, explaining that Sebert stood in the shoes of

Centerpoint, the actual owner-occupier of the Busse Highway property, with respect to care and maintenance of the parking lot where Williams fell. This is not the correct standard of care.

The law in Illinois is that in order for a defendant to be an owner-occupier or possessor of land, he must occupy or possess the land with the intent to control it. *Esser*, 169 Ill. 2d at 302; *Madden v. F.H. Paschen, S.N. Nielson, Inc.*, 395 Ill. App. 3d 362, 375 (2009). The concept of "control" is closely tied with the ability to exclude people from the use of a piece of property or to direct how that property is to be used. *Madden*, 395 Ill. App. 3d at 376. In the instant case, no evidence was presented at trial that Sebert Landscape occupied the parking lot at the Busse Highway property with the intent to control it. Quite the contrary, Sebert was merely a snow removal contractor that had contracted with the actual owner of the property to provide snow removal services. Sebert employees and equipment arrived at the parking lot after snow storms and remained there only long enough to remove the snow from the parking lot. Nothing in the record indicates that Sebert intended to exert control over the parking lot in any way. Sebert never sought to exclude people from the parking lot while it was engaged in its snow removal duties, nor did Sebert direct the owners of parked cars to move their vehicles to facilitate a speedier or more effective cleanup of the lot. Indeed, Williams testified at trial that she accessed her car and drove the vehicle while Sebert was plowing the parking lot on January 6, 2005. Thus, Williams should not have had to establish that Sebert Landscape, a contractor, breached the duty of care applicable to an owner-occupier.

Instead, Williams only had to establish ordinary negligence. *Madeo v. Tri-Land*

No. 1-10-1794

*Properties, Inc.*, 239 Ill. App. 3d 288, 290 (1992) (a contractor responsible for removing snow or ice from a property owes a duty of reasonable care to those people on the property). The scope of a snow removal contractor's duty of care is delineated by the terms of its contract with the property owner. *Flight v. American Community Management, Inc.*, 384 Ill. App. 3d 540, 544 (2008). And where the contractor has such a duty, the duty is only to not negligently remove the snow. *Flight*, 384 Ill. App. 3d at 544; *McBride v. Taxman Corp.*, 327 Ill. App. 3d 992, 996 (2002); *Madeo*, 239 Ill. App. 3d at 290; *Crane v. Triangle Plaza, Inc.*, 228 Ill. App. 3d 325, 330 (1992); *Wells v. Great Atlantic & Pacific Tea Co.*, 171 Ill. App. 3d 1012, 1019 (1988); *Burke v. City of Chicago*, 160 Ill. App. 3d 953, 957 (1987).

In the instant case, the evidence presented at trial established that Sebert Landscape had contracted with Centerpoint to remove snow, but not ice, from the parking lot at the Busse Highway property. Thus, Sebert had a duty to be free of negligence in removing the snow from Centerpoint's parking lot. *Flight*, 384 Ill. App. 3d at 544. "The mere removal of snow which may leave a natural ice formation remaining on the premises does not of itself constitute negligence." *Wells*, 171 Ill. App. 3d at 1017. A snow removal contractor negligently removes snow if it creates or aggravates an unnatural accumulation of snow or ice. *McBride*, 327 Ill. App. 3d at 996.

Now that we have determined that Williams had to establish ordinary negligence and not the heightened standard for an owner-occupier, we must consider whether the jury instructions given by the trial court formed a clear and correct picture of the applicable law. *Bulger*, 345 Ill.

6

No. 1-10-1794

App. 3d at 121. Here, over Williams' objection, the trial court used IPI Civil (2006) No. 125.02 for an owner-occupier. (Illinois Pattern Jury Instructions, Civil, No. 125.02 (2006) (hereinafter, IPI Civil (2006) No. 125.02). Unlike Williams' proffered, and rejected, jury instruction based on IPI Civil (2006) No. 20.01 (Illinois Pattern Jury Instructions, Civil, No. 20.01 (2006)), the given instruction, IPI Civil (2006) No. 125.02, explicitly requires that the plaintiff, among other things, establish:

> "First, there was an unnatural accumulation of ice on the
>
> property which presented an unreasonable risk of harm to people
>
> on the property.
>
> Second, the defendant knew or in the exercise of ordinary
>
> care should have known of both the condition and the risk." IPI
>
> Civil (2006) No. 125.02

The trial court, after the close of the evidence phase of the trial, forced Williams to establish two additional elements that she should never have had to prove, *i.e.*, the existence of an unnatural accumulation of ice on the property, and notice of the condition and the risk it imposed. The comments to IPI Civil (2006) No. 125.02 make clear that if, as in the case of a snow removal contractor, the defendant had a duty to remove snow, then this instruction should not be used. IPI Civil (2006) No. 125.02 cmt ("If a duty to remove or protect against natural accumulations of snow or ice is created by conduct or contract, then the plaintiff need not prove the existence of an 'unnatural accumulation' and this instruction is inapplicable."). Thus, by

7

No. 1-10-1794

using IPI Civil (2006) No. 125.02, the trial court substantially changed Williams' burden of proof at trial by requiring her to establish an unnatural accumulation and notice, which is part of the liability of an owner-occupier, not for a defendant snow removal contractor to whom those elements in the burden of proof do not apply.

Sebert Landscape relies on this court's decision in *Wells* for the proposition that a snow removal contractor must have knowledge of a dangerous accumulation of snow or ice in order to be liable and therefore the trial court was correct in using IPI Civil (2006) No. 125.02. This reading of *Wells* is incorrect. In *Wells*, the plaintiff slipped and fell on a patch of ice in a parking lot and sued both the owner of the lot and the contractor responsible for removing snow from the lot. *Wells*, 171 Ill. App. 3d 1014. The trial court granted summary judgment in favor of the property owner and this court affirmed. *Id.* In its analysis, this court discussed how the property owner, which generally does not have any duty to remove snow or ice, voluntarily assumed that duty by contracting with the snow-removal contractor. *Id.* at 1019. Thus, the court explained, the contractor owed the property owner a duty to comply with the contract and the plaintiff -- a user of the property -- a duty to "abstain from negligence." *Id.* Sebert's contentions to the contrary, nothing in the *Wells* opinion suggests that a snow removal contractor must know of a dangerous condition that later causes a plaintiff's injury; instead, the contractor owes users of the property a duty of ordinary care. *Id.*

If Sebert had negligently plowed the parking lot at the Busse Highway property and that negligence was the proximate cause of Williams' injury, then Sebert is liable. That is all

No. 1-10-1794

Williams should have had to prove. She should not have been required to establish that there was an unnatural accumulation of ice on the property that presented an unreasonable risk of harm to people on the property, and that Sebert knew or in the exercise of ordinary care should have known of both the condition and risk. Ordinary negligence was enough.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for a new trial.

Reversed and remanded.

No. 1-10-1794

---

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

DELOYSE WILLIAMS,

      Plaintiff-Appellant,

  v.

SEBERT LANDSCAPE COMPANY,

      Defendant-Appellee.

---

No. 1-10-1794

Appellate Court of Illinois
First District, Second Division

March 8, 2011

---

JUSTICE HARRIS delivered the opinion to the court.

PRESIDING JUSTICE CUNNINGHAM and JUSTICE KARNEZIS
concurred in the judgment and opinion.

---

Appeal from the Circuit Court of Cook County.

The Honorable Susan McDunn, Judge Presiding.

---

Dean J. Caras & Associates, 320 West Illinois Street, Suite 2216,
Chicago, IL 60654, (Dean J. Caras, of counsel), for APPELLANT.

Sanchez Daniels & Hoffman, LLP, 333 West Wacker Drive, Suite 500,

No. 1-10-1794

Chicago, IL 60606, (John J. Piegore and Edric S. Bautista, of counsel),
for APPELLEE.