SECOND DIVISION
FILED: July 3, 2007

No. 1-06-3178

MELISSA CALLAHAN,                          )     APPEAL FROM THE
                                           )     CIRCUIT COURT OF
          Plaintiff-Appellant,             )     COOK COUNTY
                                           )
               v.                          )
                                           )     No. 05 L 006795
EDGEWATER CARE & REHABILITATION CENTER,    )
INC., d/b/a SHERIDAN SHORES CARE &         )
REHABILITATION CENTER,                     )     HONORABLE
                                           )     BRIGID McGRATH,
          Defendant-Appellee.              )     JUDGE PRESIDING.

     JUSTICE HOFFMAN delivered the opinion of the court:

     The plaintiff, Melissa Callahan, appeals from an order of the

circuit court dismissing her common-law retaliatory discharge

action against the defendant Edgewater Care & Rehabilitation

Center, Inc., d/b/a Sheridan Shores Care & Rehabilitation Center

(Edgewater).  This appeal raises a very narrow issue: namely,

whether the enactment of the Whistleblower Act (740 ILCS 174/1 et

seq. (West 2004)) repealed by implication the common-law action for

retaliatory discharge then existing in favor of an individual who

is discharged from her employment for reporting illegal or improper

activity to someone other than a government or law enforcement

official. For the reasons which follow, we hold that it did not and, therefore, reverse the judgment of the circuit court.

The facts necessary to resolve this appeal are not in dispute. The claimant filed the instant action alleging that she was fired from her position as an admissions clerk in a nursing home operated by Edegewater for reporting activity she reasonably believed to be in violation of the Nursing Home Care Act (210 ILCS 45/1-101 et seq. (West 2004)) and section 300.620 of the Illinois Administrative Code (77 Ill. Adm. Code § 300.620 (2007)). Specifically, the plaintiff's complaint alleged that she was discharged for reporting both to her superior, Teneisha Peterson, and to Corey Nigro, the nursing home's administrator, that a resident of the home was being kept in the facility against her will. The plaintiff sought relief pursuant to the common-law tort of retaliatory discharge.

Although Edgewater had filed an answer to the plaintiff's complaint, the circuit court, nevertheless, entered an order granting it leave to file a motion to dismiss. Thereafter, Edgewater filed a motion pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2004)) seeking the dismissal of the claimant's action on the grounds that her common-law claim had been preempted by the Whistleblower Act and that her complaint failed to state a cause of action under the statute. The

No. 1-06-3178

circuit court agreed and dismissed the plaintiff's action. This appeal followed.

Because this matter was dismissed pursuant to section 2-615 of the Code, the only question before this court is whether the plaintiff's complaint states a cause of action upon which relief could be granted. Burdinie v. Village of Glendale Heights, 139 Ill. 2d 501, 504-05, 565 N.E.2d 654. The issue presented is one of law; consequently, our review is de novo. T & S Signs, Inc. v. Village of Wadsworth (1994), 261 Ill. App. 3d 1080, 1084, 634 N.E.2d 306.

In urging reversal of the circuit court's order dismissing her action, the plaintiff asserts that the common-law action upon which she based her complaint and an action under the Whistleblower Act are not in such conflict that both cannot exist. She argues that there is no presumption that a statutory enactment is intended to act as an exclusive remedy or to abolish common-law actions, and she asserts that neither the language of the Whistleblower Act nor its legislative history evince an intent on the part of the legislature to preempt her common-law claim. The plaintiff concludes, therefore, that the circuit court erred in dismissing her action as the enactment of the Whistleblower Act did not preempt or repeal a common-law claim for retaliatory discharge in favor of an employee who is discharged for reporting illegal

3

No. 1-06-3178

activity to her employer. We agree.

Our supreme court first recognized the tort of retaliatory discharge in Kelsay v. Motorola, Inc., 74 Ill. 2d 172, 384 N.E.2d 353 (1978), a case in which an employer fired an employee after she filed a workers' compensation claim. Thereafter, the tort evolved to afford relief to employees discharged for reporting criminal activity to law-enforcement authorities (Palmateer v. International Harvester Co., 85 Ill. 2d 124, 421 N.E.2d 876 (1981)), employees discharged for reporting criminal activity to their corporate superiors (Petrik v. Monarch Printing Corp., 111 Ill. App. 3d 502, 444 N.E.2d 588 (1982)), and employees discharged for refusing to work under conditions which contravened government-mandated safety codes (Wheeler v. Caterpillar Tractor Co., 108 Ill. 2d 502, 485 N.E.2d 372 (1985)). In the case of Barr v. Kelso-Burnett Co., 106 Ill. 2d 520, 529, 478 N.E.2d 1354 (1985), our supreme court held that an employee could state a valid claim for retaliatory discharge if she alleged that she was discharged from her employment in retaliation for her activities and that the discharge violated the clear mandate of public policy.

In 2003, the legislature enacted the Whistleblower Act, which became effective on January 1, 2004. This statute prohibits an employer from retaliating against an employee for "disclosing information to a government or law enforcement agency, where the

4

No. 1-06-3178

employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation" (740 ILCS 174/15 (West 2004)) and from retaliating against an employee "for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation" (740 ILCS 174/20 (West 2004)). A violation of the Whistleblower Act is a Class A misdemeanor (740 ILCS 174/25 (West 2004)), and an employee retaliated against in violation of sections 15 or 20 of the statute may bring a civil action against her employer for all relief necessary to make her whole, including but not limited to the following:

"(1) reinstatement with the same seniority status as the employee would have had, but for the violation;

(2) back pay, with interest; and

(3) compensation for any damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees" (740 ILCS 174/30 (West 2004)).

Edgewater argues that the Whistleblower Act codified the whistleblowing category of common-law retaliatory discharge claims and, therefore, preempts any common-law claim based on such activities. According to Edgewater, subsequent to the enactment of the statute, a whistleblowing employee can only state a claim for

5

No. 1-06-3178

retaliatory discharge if she made her complaint of illegal activity to some government or law enforcement agency. In support of its argument in this regard, Edgewater relies heavily upon the holdings in Jones v. Dew, 2006 WL 3718053 (N.D.Ill., Dec. 13, 2006) and Riedlinger v. Hudson Respiratory Care, Inc., 478 F. Supp. 2d 1051 (N.D.Ill. 2007). In both Jones and Riedlinger, the federal district courts held that the Whistleblower Act prempted the common-law tort of retaliatory discharge for whistleblowing activities and, as a consequence, the plaintiffs in those actions had no right to recovery in the absence of any allegation or evidence that they were discharged for making complaints to a government or law enforcement agency. Jones, 2006 WL 3718053 at *3-4; Riedlinger, 478 F. Supp. 2d at 1054-55. In Jones, the court rested its preemption holding on this court's statement that the Whistleblower Act codified the common law retaliatory discharge claim based on whistleblowing activities. Jones, 2006 WL 3718053 at *3, citing Sutherland v. Norfolk Southern Ry. Co., 356 Ill. App. 3d 620, 624, n4, 826 N.E.2d 1021 (2005) ("The 'whistleblower' cause of action has since been codified in the Whistleblower Act"); see also Bajalo v. Northwestern University, 369 Ill. App. 3d 576, 581, n1, 860 N.E.2d 556 (2006). The Reidlinger court essentially relied upon the reasoning and holding in Jones. Riedlinger, 478 F. Supp. 2d at 1054-55. Neither court, however, conducted an analysis of

6

the issue of when a statute preempts or repeals a common-law remedy by implication.

As the Whistleblower Act does not expressly abrogate any existing common-law remedy, the argument that the statute preempts the common-law action of retaliatory discharge based on whistleblowing activities necessarily rests on the proposition that preemption was accomplished by implication. Repeal or preemption of an existing common-law remedy by implication is not favored. Shores v. Senior Manor Nursing Center, Inc., 164 Ill. App. 3d 503, 509, 518 N.E.2d 471 (1988). The rule has long been that a statute will not be construed as taking away a common-law right existing at the time of its enactment unless the pre-existing right is so repugnant to the statute that the survival of the common-law right would in effect deprive the statute of its efficacy and render its provisions nugatory. Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 437, 27 S.Ct. 350, 51 L.Ed. 553 (1907); Reeves v. Eckles, 77 Ill. App. 2d 408, 410, 222 N.E.2d 530 (1966).

In this case, such repugnance is not apparent. The common law provides a remedy for employees discharged for reporting illegal activities to a government or law-enforcement agency (Palmateer, 85 Ill. 2d 124), employees discharged for reporting illegal activities to their superiors (Petrik, 111 Ill. App. 3d 502), and employees discharged for refusing to work under conditions which contravened

7

government-mandated safety codes (Wheeler, 108 Ill. 2d 502). Although it can reasonably be argued that the Whistleblower Act codified the common-law actions recognized in Palmateer and Wheeler, nothing in the language of the statute or its legislative history even suggests that the legislature intended to repeal or preempt the common-law rights of an individual discharged for reporting illegal activities to her superiors. The sponsor of the Whistleblowers Act in the Illinois House of Represenatives spoke in terms of providing protection for those who report a violation of the law to the authorities. Ill.H.R. Trans. 2003 Reg. Sess.No.63. Nothing in his remarks suggest that he intended the legislation to abrogate the rights of those who report illegal activity to their employers. Presumptively, the legislature was aware of the common law at the time that it enacted the Whistleblower Act, and, had the legislature intended to repeal any common-law rights, it would have been a simple thing for it to do.

The Whistleblower Act affords far greater relief than the common law to employees retaliated against in violation of its provisions. Individuals entitled to relief under the statute can, in addition to traditional tort damages, recover litigation expenses, including attorney fees, and are entitled to be reinstated to their former positions with full seniority. However, we fail to see how this statutory scheme creates any irreconcilable

8

conflict with the persistence of a common-law remedy in favor of employees not covered by the statute but who, nevertheless, are discharged in retaliation for whistleblowing activities in violation of a clearly mandated public policy. The fact that individuals discharged in retaliation for reporting illegal activities to their superiors have no right of action under the Whistleblower Act does not compel the conclusion that they have no right of action at all.

For the reasons stated, we find that the enactment of the Whistleblower Act did not, either explicitly or implicitly, preempt or repeal the common-law right of action in favor of an employee discharged in retaliation for reporting illegal activities to her superior under circumstances where her discharge violates a clearly mandated public policy. Consequently, we reverse the judgment dismissing the plaintiff's action on preemption grounds and remand this cause back to the circuit court for further proceedings.

Reversed and remanded.

WOLFSON, P.J., and SOUTH, J., concur.

9