# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Greene v. Wood River Trust, 2013 IL App (4th) 130036**

---

| | |
|---|---|
| Appellate Court Caption | MITZI O. GREENE, Plaintiff-Appellant, v. WOOD RIVER TRUST; TAYLOR REALTY, INC., d/b/a WOOD RIVER TRUST; RICHARD W. TAYLOR, d/b/a WOOD RIVER TRUST; and RUSSELL H. TAYLOR, d/b/a WOOD RIVER TRUST, Defendants-Appellees, and RE/MAX REALTY ASSOCIATES, d/b/a WOOD RIVER TRUST; RENEE TAYLOR, d/b/a WOOD RIVER TRUST; and JASON W. OAKES, Respondents in Discovery. |
| District & No. | Fourth District<br>Docket No. 4-13-0036 |
| Filed | October 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff sustained when she slipped and fell on an icy walkway at her leased residence, the trial court properly dismissed her willful and wanton claims and her request for additional time to locate individuals who could support her claims, since plaintiff's allegations did not show a deliberate intention to harm or a conscious disregard for plaintiff's welfare and she had 11 months to find supporting witnesses, but the dismissal of her negligence claims pursuant to the Snow and Ice Removal Act was reversed, since the Act does not provide immunity for claims based on an icy condition caused by defective construction or improper or insufficient maintenance. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 12-L-14; the Hon. Michael Q. Jones, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed in part and reversed in part; cause remanded with directions. |
| Counsel on Appeal | Miranda L. Soucie (argued), of Spiros Law, P.C., of Danville, for appellant. |
| | Michael E. Raub (argued), of Heyl, Royster, Voelker & Allen, of Urbana, for appellees. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Steigmann and Justice Holder White concurred in the judgment and opinion. |

## OPINION

¶ 1      On February 12, 2010, plaintiff, Mitzi O. Greene, slipped and fell on an icy walkway near the entrance of a residence she leased from defendants, Wood River Trust; Taylor Realty, Inc., d/b/a/ Wood River Trust; Richard W. Taylor, d/b/a Wood River Trust; and Russell H. Taylor, d/b/a Wood River Trust. After plaintiff filed a complaint alleging negligence, defendants moved to dismiss plaintiff's complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)), arguing plaintiff's negligence claims were barred by the Snow and Ice Removal Act (Act) (745 ILCS 75/1 *et seq.* (West 2010)). The trial court dismissed plaintiff's complaint but allowed plaintiff to amend to allege willful and wanton misconduct, an exception to the immunities otherwise provided by the Act. Defendants moved to dismiss plaintiff's first amended complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-619 (West 2010)), which the court granted. In addition, the court allowed plaintiff to further amend her complaint to allege willful and wanton misconduct. Defendants moved to dismiss plaintiff's second amended complaint pursuant to section 2-615 of the Code, which the court granted.

¶ 2      Plaintiff appeals, arguing the trial court erred in (1) determining that the Act barred her negligence claims against defendants, (2) dismissing her second amended complaint because she properly pled a willful and wanton exception to the immunity otherwise provided by the Act (745 ILCS 75/2 (West 2010)), and (3) denying her request for additional time to locate individuals to aid in providing factual support for her claims. We affirm in part, reverse in part, and remand for further proceedings.

¶ 3                        I. BACKGROUND

¶ 4      On January 23, 2012, plaintiff filed a complaint in negligence alleging that she slipped

and fell near the entrance of a residence she leased from defendants due to the icy condition of defendants' walkway. Plaintiff alleged several theories of negligence concerning the walkway, including that defendants negligently failed to (1) provide a safe walkway in violation of the Premises Liability Act (740 ILCS 130/1 to 5 (West 2010)); (2) maintain and provide a properly pitched overhang roof; (3) provide properly hung and sized gutters; (4) provide properly hung and sized downspouts; (5) provide an adequate number of downspouts; (6) allow proper drainage to occur from the overhang roof onto the walkway; (7) correct or repair the gutters, downspouts, and overhang; (8) keep the gutters and downspouts "free and clear at all times of stored materials"; (9) keep the gutters and downspouts "free and clear at all times of ice"; and (10) keep the gutters and downspouts "free and clear at all times of mud and refuse." As a proximate result, plaintiff alleged, defendants' negligence resulted in an unnatural accumulation of water on a walkway which froze and caused plaintiff to slip and fall, suffering "serious and permanent injuries to her shoulder."

¶ 5        On March 2, 2012, defendants filed a motion to dismiss under section 2-619(a)(9) of the Code, arguing defendants were immune from liability under the Snow and Ice Removal Act. Defendants attached to their motion a contract, in effect at the time of plaintiff's fall, with Jason Oakes for snow and ice removal at multiple locations, including the residence plaintiff leased from defendants. Following a hearing, the trial court granted defendants' motion and dismissed plaintiff's complaint, finding the negligence claim was barred by the Act. Plaintiff sought leave to file an amended complaint to allege willful and wanton misconduct, an exception to the immunities otherwise provided by the Act. The court granted plaintiff's motion.

¶ 6        On May 22, 2012, plaintiff filed her first amended complaint alleging defendants engaged in willful and wanton misconduct. Plaintiff's willful and wanton claim reiterated the negligence claim allegations, adding that defendants acted with "utter indifference to or conscious disregard" and "with a reckless disregard for the safety" of plaintiff. Defendants moved to dismiss plaintiff's first amended complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2010)), arguing plaintiff's allegations that defendants failed to perform routine maintenance of gutters and downspouts did not constitute willful and wanton misconduct. Following a hearing, the trial court granted defendants' motion and dismissed the first amended complaint. The court allowed plaintiff's motion to further amend her complaint to allege willful and wanton misconduct.

¶ 7        On August 30, 2012, plaintiff filed her second amended complaint. This time, plaintiff reasserted her original negligence claims in counts I, III, V, and VII, and reiterated her willful and wanton allegations in counts II, IV, VI, and VIII. Defendants moved to dismiss plaintiff's second amended complaint pursuant to section 2-615 of the Code, arguing (1) the trial court had already found plaintiff's negligence claims barred by the Act and (2) plaintiff's allegations of willful and wanton misconduct were still not sufficient to state a cause of action. Plaintiff stated that she incorporated her "prior arguments made before the court." The court granted defendants' motion and dismissed the second amended complaint with prejudice.

¶ 8        This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, plaintiff argues the trial court erred in determining that the Act barred her negligence claims against defendants. Specifically, plaintiff argues the Act does not apply where the unnatural accumulation of ice was caused by defective construction or improper or insufficient maintenance of the premises, and not by snow and ice removal efforts.

¶ 11        After plaintiff filed her initial complaint alleging negligence, defendants filed a motion to dismiss under section 2-619(a)(9) of the Code, arguing that plaintiff's complaint was barred by the Act. Section 2-619 allows for the involuntary dismissal of a cause of action based on certain defects and defenses, including on the ground "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). The dismissal of a complaint pursuant to section 2-619(a)(9) is reviewed *de novo*. *Lacey v. Village of Palatine*, 232 Ill. 2d 349, 359, 904 N.E.2d 18, 24 (2009).

¶ 12        The Snow and Ice Removal Act contains two relevant parts, which state:

        "§ 1. It is declared to be the public policy of this State that owners and others residing in residential units be encouraged to clean the sidewalks abutting their residences of snow and ice. The General Assembly, therefore, determines that it is undesirable for any person to be found liable for damages due to his or her efforts in the removal of snow or ice from such sidewalks, except for acts which amount to clear wrongdoing, as described in Section 2 of this Act.

        § 2. Any owner, lessor, occupant or other person in charge of any residential property, or any agent of or other person engaged by any such party, who removes or attempts to remove snow or ice from sidewalks abutting the property shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk resulting from his or her acts or omissions unless the alleged misconduct was willful or wanton." 745 ILCS 75/1, 2 (West 2010).

¶ 13        The Illinois legislature enacted the Snow and Ice Removal Act to provide immunities and defenses to "owners and others residing in residential units." 745 ILCS 75/1 (West 2010). By shielding residential owners from negligence claims under the Act, the Illinois legislature sought to encourage the cleaning of snow and ice from sidewalks abutting residences. 745 ILCS 75/1 (West 2010). In interpreting a provision of the Act, as with any statute, our primary goal is to ascertain and give effect to the intention of the legislature. *Ries v. City of Chicago*, 242 Ill. 2d 205, 215-16, 950 N.E.2d 631, 637 (2011). We seek that intent first from the plain language used in the statute, and if that language is clear and unambiguous, we are not at liberty to depart from its plain meaning. *Ries*, 242 Ill. 2d at 216, 950 N.E.2d at 637. We review *de novo* the interpretation of a statute as a question of law. *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 332, 898 N.E.2d 631, 636 (2008).

¶ 14        Under the common law, a landowner has no duty to remove natural accumulations of snow or ice (*Claimsone v. Professional Property Management, LLC*, 2011 IL App (2d) 101115, ¶ 18, 956 N.E.2d 1065), but exceptions have been made where some other act of negligence contributes to the condition.

"One is generally not liable for injuries caused by natural accumulations of ice or snow, and there is no [common law] duty to remove natural accumulations of ice or snow. [Citation.] However, a [common law] duty may arise on the part of the defendant-premises owner, if the defendant voluntarily undertook the task of removing natural accumulations of ice or snow and did so negligently or if the defendant was responsible for an unnatural accumulation of ice or snow. Liability will be imposed on a defendant where the plaintiff shows an injury that was caused by such an unnatural accumulation of ice or snow. [Citation.]" *Ordman v. Dacon Management Corp.*, 261 Ill. App. 3d 275, 279, 633 N.E.2d 1307, 1310 (1994).

¶ 15 Further, an exception to the common law "no duty" rule is made where "the accumulation of ice or snow becomes unnatural due to the design and construction of the premises." *McLean v. Rockford Country Club*, 352 Ill. App. 3d 229, 233-34, 816 N.E.2d 403, 408 (2004).

"The construction and maintenance of a landowner's property are matters within the landowner's control. [Citation.] Therefore, Illinois courts have noted that '[i]t is not imposing an undue burden on [the landowner] to require him not to add to the difficulties facing Illinois residents from natural accumulations of ice and snow by permitting unnatural accumulations due to defective construction or improper or insufficient maintenance of the premises.' " *McLean*, 352 Ill. App. 3d at 234, 816 N.E.2d at 408 (quoting *Bloom v. Bistro Restaurant Ltd. Partnership*, 304 Ill. App. 3d 707, 711, 710 N.E.2d 121, 123 (1999)).

¶ 16 The Snow and Ice Removal Act was enacted in derogation of the common law. See *Gallagher v. Union Square Condominium Homeowner's Ass'n*, 397 Ill. App. 3d 1037, 1043, 922 N.E.2d 1201, 1207 (2010) ("The Act is in derogation of this common law in that it provides immunity for injuries sustained by a person as a result of the attempted clearing of sidewalks abutting the property."). "[A] court cannot construe a statute in derogation of the common law beyond what the words of the statute expresses [*sic*] or beyond what is necessarily implied from what is expressed." *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 69, 809 N.E.2d 1248, 1271 (2004). "Any legislative intent to abrogate the common law must be clearly and plainly expressed, and we will not presume from ambiguous language an intent to abrogate the common law." *Heider v. Knautz*, 396 Ill. App. 3d 553, 561, 919 N.E.2d 1058, 1065 (2009). The repeal or preemption of a common law remedy by implication is not favored. *Callahan v. Edgewater Care & Rehabilitation Center, Inc.*, 374 Ill. App. 3d 630, 634, 872 N.E.2d 551, 553 (2007). An act in derogation of the common law must be construed strictly against the entity claiming immunity. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 368, 799 N.E.2d 273, 279 (2003).

¶ 17 Here, the Act provides owners, lessors, occupants, or other persons in charge of residential property immunity for injuries caused by snow and ice removal efforts, unless their acts or omissions constitute willful and wanton misconduct. 745 ILCS 75/2 (West 2010). The legislature intended for such persons to be immune from liability where they negligently remove or attempt to remove snow or ice from a residential walkway. This represents a clear conflict with common law negligence claims, where liability may be imposed on an owner for injuries caused by an owner's voluntary and negligent removal of

ice or snow, causing an unnatural accumulation. We presume the legislature was familiar with the aforementioned common law cause of action. See *People v. Hickman*, 163 Ill. 2d 250, 262, 644 N.E.2d 1147, 1153 (1994) ("it must be presumed that the legislature acted with knowledge of the prevailing case law"). It is apparent then the Act was intended to modify common law liability for owners and others residing in residential units who negligently remove or attempt to remove snow or ice from sidewalks abutting their property. 745 ILCS 75/2 (West 2010).

¶ 18 Here, plaintiff alleges her injuries were not the result of any efforts to remove snow or ice from a walkway, but instead resulted from an icy condition caused by the defective condition of the building adjacent to the walkway. Therefore, the Act does not apply to bar her negligence claim. The plain language of the Act indicates it does not apply to negligence actions for injuries caused by defective construction or improper or insufficient maintenance of the premises. Instead, the Act applies only to immunize an owner's negligent efforts to remove snow and ice from residential sidewalks.

¶ 19 Were we to hold that the Act also applied where an unnatural accumulation of ice was caused by defective construction or improper or insufficient maintenance of the premises, we would be repealing a common law remedy by implication, which is not favored. See *Callahan*, 374 Ill. App. 3d at 634, 872 N.E.2d at 553. Accordingly, we conclude that the plain language of the Act does not provide immunity for injuries if the unnatural accumulation of ice was caused by defective construction or improper or insufficient maintenance of the premises, and not snow and ice removal efforts.

¶ 20 Defendants cite *Pikovsky v. 8440-8460 North Skokie Boulevard Condominium Ass'n*, 2011 IL App (1st) 103742, 964 N.E.2d 124, and *Gallagher* in support of their argument that the Act applies. However, these cases are clearly distinguishable. The plaintiffs in *Pikovsky* and *Gallagher* alleged they fell on unnatural accumulations caused by snow removal efforts, and not unnatural accumulations caused by defective construction or improper or insufficient maintenance of the premises.

¶ 21 In *Pikovsky*, the defendants entered into contracts for snow removal that included a parking lot and sidewalk, but did not include a rear entrance sidewalk. *Pikovsky*, 2011 IL App (1st) 103742, ¶ 3, 964 N.E.2d 124. The plaintiff fell due to icy snow mounds formed by snow that was plowed from the parking lot onto the rear entrance sidewalk. *Pikovsky*, 2011 IL App (1st) 103742, ¶ 4, 964 N.E.2d 124. The plaintiff filed a negligence complaint alleging the defendants failed to exercise reasonable care by creating an unsafe and dangerous condition of unnatural accumulation of snow and ice on the rear entrance sidewalk. *Pikovsky*, 2011 IL App (1st) 103742, ¶ 5, 964 N.E.2d 124. The appellate court found the Act barred the plaintiff's negligence claim where the contracting for snow and ice removal constituted "a conscious effort to clear snow and ice," and the defendants' failure to remove the snow and ice mounds from the rear entrance sidewalk was an omission in their overall snow removal efforts. *Pikovsky*, 2011 IL App (1st) 103742, ¶ 13, 964 N.E.2d 124. We note that *Pikovsky* is factually dissimilar to the present case as the unnatural accumulation of snow and ice in *Pikovsky* was allegedly due to the defendants' snow removal efforts. Such allegations of snow removal efforts are notably absent here. Further, to the extent *Pikovsky* holds that an owner's contracting for snow and ice removal equates to snow and ice removal efforts under

the Act, we decline to adopt this holding. *Pikovsky*, 2011 IL App (1st) 103742, ¶ 13, 964 N.E.2d 124. We conclude the plain language of the statute so constrains us.

¶ 22 In *Gallagher*, the defendants plowed snow from the plaintiff's driveway causing unnatural accumulations of snow and ice. *Gallagher*, 397 Ill. App. 3d at 1039, 922 N.E.2d at 1204. The plaintiff fell while walking on the plowed path on his driveway, sustaining serious injuries. *Gallagher*, 397 Ill. App. 3d at 1039, 922 N.E.2d at 1204. The plaintiff alleged that the defendants were negligent in creating an unnatural accumulation of snow and ice on the plaintiff's driveway. *Gallagher*, 397 Ill. App. 3d at 1039, 922 N.E.2d at 1204. However, the appellate court found the plain language of the Act did not provide immunity for injuries sustained on a driveway; it only applied to snow removal efforts on sidewalks. *Gallagher*, 397 Ill. App. 3d at 1047, 922 N.E.2d at 1210.

¶ 23 In sum, we conclude that the plain language of the Act does not provide immunity for injuries if the unnatural accumulation of ice was caused by defective construction or improper or insufficient maintenance of the premises, and not by snow and ice removal efforts. Accordingly, the trial court erred when it dismissed plaintiff's second amended complaint on the basis that her negligence allegations were barred by the Act.

¶ 24 Plaintiff next argues the trial court erred by dismissing counts II, IV, VI, and VIII of her second amended complaint alleging willful and wanton misconduct. To plead willful and wanton misconduct, a plaintiff must allege duty, breach of duty, proximate cause, and "either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare." *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 19, 973 N.E.2d 880. Here, the trial court granted defendants' motion to dismiss after finding plaintiff's second amended complaint failed to sufficiently allege defendants' conduct was willful and wanton. We agree. The factual allegations made by plaintiff do not demonstrate "either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare" as outlined by our supreme court. *Doe-3*, 2012 IL 112479, ¶ 19, 973 N.E.2d 880. Thus, the trial court did not err by dismissing counts II, IV, VI, and VIII of plaintiff's second amended complaint.

¶ 25 Plaintiff next argues the trial court erred by denying her request for additional time to locate individuals to aid in providing factual support for her claims. "A trial court is given great latitude in determining the scope of discovery, and discovery orders will not be disturbed absent an abuse of discretion." *Manns v. Briell*, 349 Ill. App. 3d 358, 361, 811 N.E.2d 349, 352 (2004). Plaintiff filed her initial complaint in this case on January 23, 2012, and the trial court dismissed her second amended complaint on December 21, 2012. The trial court provided claimant approximately 11 months to locate individuals for purposes of this case and, thus, did not abuse its discretion by denying her request for additional time.

¶ 26 We express no opinion regarding the factual sufficiency of the negligence counts (counts I, III, V, and VII) of plaintiff's second amended complaint. Although the trial court dismissed the negligence counts in plaintiff's second amended complaint based on defendants' section 2-615 motion to dismiss, the dismissal was actually pursuant to section 2-619. The case is ordered remanded to the trial court with directions that counts I, III, V, and VII of plaintiff's second amended complaint be reinstated and that defendants answer or otherwise plead to these counts.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's (1) dismissal of plaintiff's willful and wanton claims and (2) denial of plaintiff's request for additional time for discovery. However, we reverse the trial court's dismissal of plaintiff's negligence claims based on the Snow and Ice Removal Act, and we remand with directions.

Affirmed in part and reversed in part; cause remanded with directions.