# Illinois Official Reports

## Appellate Court

***Ryan v. Glen Ellyn Raintree Condominium Ass'n***,
2014 IL App (2d) 130682

| | |
|---|---|
| Appellate Court Caption | MARY RYAN, Plaintiff-Appellant, v. GLEN ELLYN RAINTREE CONDOMINIUM ASSOCIATION, GLEN ELLYN RAINTREE CONDOMINIUM-ASHFIELD HOUSE OWNERS ASSOCIATION, and CDH PROPERTIES, INC., Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-13-0682 |
| Filed | April 11, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An action for the injuries plaintiff suffered when she slipped on an ice patch on a sidewalk in the condominium complex where she lived was barred by section 2 of the Snow and Ice Removal Act, which negates liability for injuries arising from a residential property owner's acts or omissions in attempting to remove snow or ice from sidewalks abutting the property "unless the alleged misconduct was willful or wanton," since plaintiff initially attributed her fall to the failed snow and ice removal efforts of defendants, thereby raising a *prima facie* case for the application of the Act, and her attempt to assert a new claim in her reply brief by arguing that the ice patch on which she fell was caused by a design defect in an awning that allowed water to drip onto the sidewalk and freeze was improper. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-L-83; the Hon. Ronald D. Sutter, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Bradley N. Pollock and Adam C. Kruse, both of Walsh, Knippen, Pollock & Cetina, Chtrd., of Wheaton, for appellant.

James D. Komsthoeft, of Abramson, Murtaugh & Coghlan, of Chicago, for appellees.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Hutchinson and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Mary Ryan, appeals the trial court's summary judgment in favor of defendants, Glen Ellyn Raintree Condominium Association, Glen Ellyn Raintree Condominium-Ashfield House Owners Association, and CDH Properties, Inc., on plaintiff's negligence complaint against them. For the following reasons, we hold that, as a matter of law, the Snow and Ice Removal Act (Act) (745 ILCS 75/1 *et seq.* (West 2012)) bars plaintiff's negligence suit. Thus, we affirm.

¶ 2                                I. BACKGROUND

¶ 3        Defendants Glen Ellyn Raintree Condominium Association and Glen Ellyn Raintree Condominium-Ashfield House Owners Association (collectively, Raintree) own and control the common areas of a condominium complex in Glen Ellyn. In February 2008, plaintiff was injured when she slipped and fell within one of the common areas of the complex. Her fall occurred just outside the entrance of a building within the complex. At the time of the accident, Raintree had ongoing contracts with defendant CDH Properties, Inc. (CDH), to maintain the premises, and with Building Maintenance Systems, Inc. (BMS), to remove snow and ice. Plaintiff brought suit against Raintree, CDH, and BMS. BMS was later dismissed from the lawsuit, and so we address plaintiff's complaint only as it relates to Raintree and CDH. Plaintiff alleged in her complaint that she slipped on a patch of ice that had formed because of water dripping from an overhead awning and then freezing on the walkway below. Defendants were negligent, plaintiff claimed, because they (1) failed to correct a design flaw in the awning that directed melted snow and rainwater onto the walkway below; and (2) voluntarily undertook to remove snow and ice from the premises but failed to clear the particular patch of ice on which she slipped.

¶ 4        Defendants moved for summary judgment on two principal grounds. First, defendants invoked the common-law rule that landowners have no duty to remove natural accumulations of snow or ice (see, *e.g.*, *Greene v. Wood River Trust*, 2013 IL App (4th) 130036, ¶ 14), and

claimed that the ice on which plaintiff slipped was entirely a natural accumulation. Second, and alternatively, defendants maintained that plaintiff's suit was barred by section 2 of the Act (745 ILCS 75/2 (West 2012)), which eliminates liability for injuries resulting from a residential property owner's acts or omissions in attempting to remove snow or ice from sidewalks abutting the property, "unless the alleged misconduct was willful or wanton." In this connection, defendants contended, first, that plaintiff's claim fell within the scope of section 2 because she was alleging that the ice patch on which she slipped resulted from defendants' failed snow removal efforts. Defendants pointed to deposition testimony that such removal efforts were ongoing in February 2008. Specifically, defendant had retained BMS to remove snow and ice, and CDH not only inspected the premises weekly for snow and ice hazards but also inspected the premises after each visit by BMS, to ensure that it had performed its work properly. Defendants further contended that there was no evidence of willful or wanton omissions in their removal efforts.

¶ 5        In response, plaintiff disagreed with defendants' construal of her claim. She maintained that her complaint alleged liability based on an architectural feature of the premises and not on any omission by defendants in their snow and ice removal efforts. According to plaintiff, the Act did not eliminate liability for injuries resulting from design defects. To support her claim of a design defect, plaintiff attached the deposition of Steven Weiss, an architect, who opined that the ice patch on which plaintiff slipped resulted not from ordinary precipitation but from an awning that directed water onto the walkway.

¶ 6        The trial court agreed with defendants that, no matter how the ice patch was formed, defendants' immediate or proximate negligence, as alleged by plaintiff, was in failing to remove the patch despite their general snow and ice removal efforts. Hence, plaintiff was indeed alleging "acts or omissions" by defendants in their snow and ice removal efforts, and so her claim fell squarely within section 2 of the Act. Accordingly, the trial court entered summary judgment for defendants on all counts of plaintiff's complaint.

¶ 7        Plaintiff filed this timely appeal.

¶ 8                                          II. ANALYSIS

¶ 9        In assessing plaintiff's challenge to the summary judgment, we first set forth the principles governing our review of such a judgment. The purpose of summary judgment is not to adjudicate a question of fact, but to determine if one exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2012); *Adams*, 211 Ill. 2d at 43. The interpretation of a statute, which our resolution of this appeal entails, presents a question of law suitable for resolution by summary judgment. *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330 (2006). We review *de novo* the grant or denial of summary judgment. *Adams*, 211 Ill. 2d at 43.

¶ 10       As has been recognized, the Act is in derogation of the common law. *Greene*, 2013 IL App (4th) 130036, ¶ 16. According to plaintiff, the Act abrogated only in part the common-law bases on which a property owner could be liable for injuries due to accumulated snow or ice on the property, and she asserts that her lawsuit is premised on those unaffected bases for liability.

¶ 11 To understand and assess this argument, we first set forth the common-law duties of a landowner with respect to accumulated snow or ice. *Webb v. Morgan*, 176 Ill. App. 3d 378, 382-83 (1988), cited by plaintiff, accurately states the common law on the issue:

> "The general rule in Illinois is that a property owner owes no common law duty to remove natural accumulations of ice and snow from common areas which remain under his control and thus cannot be found liable for injuries resulting from a natural accumulation of ice and snow. [Citation.] However, when the property owner chooses to remove ice and snow, he is charged with the duty of exercising ordinary care in the accomplishment of that task. [Citation.] The property owner, then, has no duty to remedy a natural accumulation of ice and snow. His duty is to prevent an unnatural accumulation on his property, whether that accumulation is the direct result of the owner's clearing of the ice and snow, or is caused by design deficiencies that promote unnatural accumulations of ice and snow. [Citation.] The plaintiff has the burden of affirmatively proving that the ice and snow on which she fell was an unnatural accumulation caused by the defendant. [Citation.]"

The essence here is that, under the common law, only unnatural accumulations of snow or ice, *i.e.*, accumulations caused by the property owner or his agents, can be a ground for liability. Plaintiff emphasizes the *Webb* court's twofold catalogue of the man-made causes of unnatural accumulations: (1) snow and ice removal efforts; and (2) design deficiencies. According to plaintiff, the Act abrogates liability for only theory (1), not theory (2).

¶ 12 Before moving on to the Act, we take pains to be precise about what the common law holds. Liability theory (1) concerns snow and ice removal efforts that themselves create unnatural accumulations. See, *e.g.*, *Fitzsimons v. National Tea Co.*, 29 Ill. App. 2d 306, 311-12 (1961) (snow plowed into large mounds melted, creating an incline of ice on which the plaintiff slipped). Theory (2) is based ultimately on a design or construction defect. See, *e.g.*, *Lapidus v. Hahn*, 115 Ill. App. 3d 795, 800-01 (1983) (plaintiff slipped on "ice [that] was caused by the defective nature and construction of the roof," from which "water repeatedly dripped in torrents"). We say "ultimately" because theory (2) also presupposes more immediate negligence. Liability under theory (2) is based on a design or construction defect coupled with passivity by the owner–specifically, nonexistent or ineffective efforts at removing the accumulation resulting from the defect. Thus, this basis for liability always assumes (barring a reason for strict liability) the more immediate negligence consisting of the defendant's failure to clear the particular unnatural accumulation of snow or ice that led to the plaintiff's injury. After all, an owner of property with myriad defects that promote unnatural accumulations of snow or ice can avoid liability as long as the owner clears or neutralizes such accumulations before they cause injury.

¶ 13 We turn to the text of the Act. Section 1 (745 ILCS 75/1 (West 2012)) sets forth the legislative findings behind, and purpose for, the Act:

> "It is declared to be the public policy of this State that owners and others residing in residential units be encouraged to clean the sidewalks abutting their residences of snow and ice. The General Assembly, therefore, determines that it is undesirable for any person to be found liable for damages due to his or her efforts in the removal of snow or ice from such sidewalks, except for acts which amount to clear wrongdoing, as described in Section 2 of this Act."

Section 2 (745 ILCS 75/2 (West 2012)) is the operative provision:

"Any owner, lessor, occupant or other person in charge of any residential property, or any agent of or other person engaged by any such party, who removes or attempts to remove snow or ice from sidewalks abutting the property shall not be liable for any personal injuries allegedly caused by the snowy or icy condition of the sidewalk resulting from his or her acts or omissions unless the alleged misconduct was willful or wanton."

¶ 14       We now turn to plaintiff's proposed interpretation of sections 1 and 2. "[A] statute in derogation of the common law cannot be construed as changing the common law beyond what the statutory language expresses or is necessarily implied from what is expressed." *Williams v. Manchester*, 228 Ill. 2d 404, 419 (2008). Plaintiff argues that the Act, read with the appropriate strictness, does not apply to defendants. Quoting language from sections 1 and 2, plaintiff reasons:

"[T]he plain language of the Act does not support an interpretation that the legislature intended immunity to attach in situations where the personal injuries were alleged to be caused by 'the snowy or icy condition of the sidewalk resulting from' something other than the property's owner's removing or attempting to remove snow or ice from sidewalks, such as a construction defect that causes an unnatural accumulation of snow or ice. In the latter situation, the property owner's potential liability would not be 'due to his or her efforts in the removal of snow or ice from such sidewalks.' It would be 'due to' his or her creating or maintaining a construction defect that caused an unnatural accumulation of ice or snow on the property.

* * *

*** Extending the statute to provide immunity for icy conditions resulting from construction defects *** would effect the most–rather than the least–change in the common law. It would amount to a repeal or preemption of a common-law remedy by implication. And it would amount to a presumption by this Court that the legislature intended to abrogate the common law, where such intent was not clearly or plainly expressed."

Plaintiff submits that the Act does not apply here because she is "not alleging *** that the ice [that caused her fall] was due to [d]efendants' efforts at snow removal," but rather that "the unnatural accumulation of ice was due to the defective awning structure that existed at the premises." Thus, according to plaintiff, the Act eliminated common-law theory (1) alone, and consequently, because she is not alleging that defendants positively created the ice accumulation through their snow and ice removal efforts, the Act does not apply.

¶ 15       We disagree. The text of the Act, accorded its plain and ordinary meaning, is our primary resource for determining the legislature's intent (see *Metropolitan Life Insurance Co. v. Hamer*, 2013 IL 114234, ¶ 18), and that text leaves no doubt as to the legislature's intent. Section 1 expresses the public policy that residential property owners be encouraged to make efforts at removing snow and ice accumulations from their sidewalks. 745 ILCS 75/1 (West 2012). Consistent with this policy, the legislature declares it "undesirable for any person to be found liable for damages due to his or her efforts in the removal of snow or ice from such sidewalks, except for acts which amount to clear wrongdoing, as described in Section 2 of this Act." 745 ILCS 75/1 (West 2012). Section 2 clarifies that the phrase, "due to *** efforts in removal of snow or ice," is not limited to occasions falling under common-law theory (1), where snow and ice removal efforts positively create the accumulation leading to the

plaintiff's injury. Instead, section 2 eliminates (subject to the "willful or wanton" qualifier) liability for "acts *or* omissions" in snow and ice removal efforts, *i.e.*, for activity *or* passivity in such efforts. An example of an "act" leading to an ice accumulation would be a property owner's clearing a sidewalk by shoveling snow into banks alongside the walk, with the snow subsequently melting and forming ice across the surface. See *Fitzsimons*, 29 Ill. App. 2d at 311-12 (similar mechanism for a slip-and-fall in a parking lot). An example of an "omission" leading to an ice accumulation would be a property owner's failure to clear ice formed by water dripping from a defective roof. See *Lapidus*, 115 Ill. App. 3d at 800-01. (Of course, both scenarios contain elements of act and omission, and the division is based on what elements are predominant for purposes of section 2.) In the first scenario, the efforts at snow and ice removal are both the alleged basis for liability *and* the grounds for immunity. In the second scenario, where liability is based on omission, immunity is available only where the property owner "remove[d] or attempt[ed] to remove snow or ice from [the] sidewalks" (745 ILCS 75/2 (West 2012)), but, nonetheless, an accumulation occurred and injured the plaintiff. A property owner who remains entirely inactive in the face of a snow or ice accumulation cannot avail himself of the Act for an injury caused by that accumulation. Our resolution of this appeal does not, however, require us to decide the extent to which the owner must have removed or attempted to remove snow and ice for the Act to apply. We restrict ourselves to plaintiff's contention on appeal, which is that immunity under the Act extends only to situations where the accumulation that injured the plaintiff was positively created by the owner's snow and ice removal efforts.

¶ 16    We recognize, again, that a statute's derogation of the common law must not be held to extend beyond what is expressed or necessarily implied. Section 2 plainly conveys an intent to insulate from liability (barring willful or wanton conduct) attempted snow and ice removal efforts that, by either commission or omission, lead to the snow or ice accumulations that cause the plaintiff's injury. Contrary to plaintiff's interpretation, section 2 neither expresses nor necessarily implies an intent to exclude "acts or omissions" in snow and ice removal where the accumulation did not stem from the property owner's positive efforts at snow and ice removal. The source of the accumulation might figure into whether the defendant's conduct was willful or wanton, but there is no categorical exclusion of immunity based on the accumulation's source. Not only is plaintiff's proposed construction far from compulsory, it runs squarely against the canon that prohibits reading into an enactment exceptions, limitations, or conditions that the legislature did not express. See *Metropolitan Life*, 2013 IL 114234, ¶ 18.

¶ 17    In support of her interpretation of the Act, plaintiff cites the Fourth District Appellate Court's decision in *Greene*. The plaintiff in *Greene* sued after she slipped on ice outside a residence she leased from the defendants. She alleged that the ice stemmed from the defendants' defective or improperly maintained roof, gutters, and downspouts. The plaintiff did not allege any efforts by the defendants to clear snow and ice from the property. The defendants moved to dismiss the complaint, based on the affirmative defense that they were immune under the Act. In support of the motion, the defendants submitted a contract, in effect at the time of the accident, with a third party for snow and ice removal services at the property. The trial court dismissed the complaint, but the appellate court reversed, holding that the Act did not apply to bar the lawsuit:

"Here, the Act provides owners, lessors, occupants, or other persons in charge of residential property immunity for injuries caused by snow and ice removal efforts, unless their acts or omissions constitute willful and wanton misconduct. 745 ILCS 75/2 (West 2010). The legislature intended for such persons to be immune from liability where they negligently remove or attempt to remove snow or ice from a residential walkway. This represents a clear conflict with common law negligence claims, where liability may be imposed on an owner for injuries caused by an owner's voluntary and negligent removal of ice or snow, causing an unnatural accumulation. We presume the legislature was familiar with the aforementioned common law cause of action. [Citation.] It is apparent then the Act was intended to modify common law liability for owners and others residing in residential units who negligently remove or attempt to remove snow or ice from sidewalks abutting their property. 745 ILCS 75/2 (West 2010).

*Here, plaintiff alleges her injuries were not the result of any efforts to remove snow or ice from a walkway, but instead resulted from an icy condition caused by the defective condition of the building adjacent to the walkway*. Therefore, the Act does not apply to bar her negligence claim. The plain language of the Act indicates it does not apply to negligence actions for injuries caused by defective construction or improper or insufficient maintenance of the premises. Instead, the Act applies only to immunize an owner's negligent efforts to remove snow and ice from residential sidewalks.

Were we to hold that the Act also applied where an unnatural accumulation of ice was caused by defective construction or improper or insufficient maintenance of the premises, we would be repealing a common law remedy by implication, which is not favored." (Emphasis added.) *Greene*, 2013 IL App (4th) 130036, ¶¶ 17-19.

¶ 18    This passage, particularly the italicized portion, seems to suggest that the court was finding the Act inapplicable because the plaintiff did not allege failed snow removal efforts. Later in its analysis, distinguishing a case from the First District Appellate Court (*Pikovsky v. 8440-8460 North Skokie Boulevard Condominium Ass'n*, 2011 IL App (1st) 103742), the court again noted that "allegations of snow removal efforts are notably absent here" (*Greene*, 2013 IL App (4th) 130036, ¶ 21). As mentioned (*supra* ¶ 15), we agree that immunity under the Act requires an attempt at snow and ice removal. The *Greene* court, however, added a further comment about *Pikovsky*:

"Further, to the extent *Pikovsky* holds that an owner's contracting for snow and ice removal equates to snow and ice removal efforts under the Act, we decline to adopt this holding. [Citation.] We conclude the plain language of the statute so constrains us." *Id.*

¶ 19    The *Greene* court did not indicate what language in the Act it believed compelled the conclusion that a contract for snow and ice removal does not constitute removal efforts under the Act. Our own review of the Act finds nothing to support that position. As a decision of a sister district, *Greene* does not bind us. See *In re Marriage of Dann*, 2012 IL App (2d) 100343, ¶ 83. *Greene* is unpersuasive as well.

¶ 20    We note that, strictly speaking, plaintiff is not concerned in this appeal with whether defendants made efforts to remove the ice accumulating from another source (namely, the allegedly defective awning), for plaintiff's position is that such efforts would be immaterial

under the Act because they would not have positively created the accumulation. We have rejected the proposed statutory construction upon which plaintiff bases that contention. We now proceed to note that plaintiff's allegations of defendants' snow and ice removal efforts bring this case within the scope of the Act as we have interpreted it. Plaintiff alleges that defendants undertook to remove snow and ice on the premises and that their acts or omissions in that general effort led to her fall. First, plaintiff alleges that defendants "voluntarily undertook to remove snow/ice and/or apply de-icing agents to the sidewalk in front of the building." Plaintiff proceeds to allege that defendants are "guilty of one or more of the following negligent acts and/or omissions":

> "(a) Carelessly and negligently failed to take reasonable precautions to ensure that an unnatural accumulation of ice did not accumulate on the sidewalk/walkway of the premises; or

> (b) Carelessly and negligently installed, designed, constructed and located the entrance/exit structure or overhang/awning, such that it created a dangerous and defective condition by causing an unnatural accumulation of ice on the sidewalk/walkway of the premises; or

> (c) Carelessly and negligently allowed the entrance/exit structure or overhang/awning on the premises to exist in such a way that it created a dangerous and defective condition by causing an unnatural accumulation of ice on the sidewalk/walkway of the premises; or

> (d) Carelessly and negligently failed to warn people lawfully on the premises[ ] of the dangerous and defective condition existing on the premises; or

> (e) Carelessly and negligently allowed an unnatural accumulation of ice to exist on the sidewalk/walkway of the premises such that it presented a dangerous and defective condition; or

> (f) *Carelessly and negligently failed to properly remove the unnatural accumulation of ice from the sidewalk/walkway of the premises*; or

> (g) Carelessly and negligently failed to guide pedestrian traffic away from the snow/ice that existed on the sidewalk/walkway of the premises; or

> (h) Was [*sic*] careless and negligent in the ownership, occupation, operation, management, maintenance and/or control of the premises[,] resulting in Plaintiff slipping and falling." (Emphasis added.)

Here, the ultimate cause that plaintiff alleges is a defect in the awning, while the more immediate cause she alleges is a lapse in defendants' voluntarily undertaken snow and ice removal efforts. As plaintiff attributes her fall to the consequences of defendants' failed snow and ice removal efforts, the Act has *prima facie* application to her claim. As noted (*supra* ¶ 15), we do not address whether defendants' attempts at snow and ice removal were sufficient to trigger the Act's immunity. We also do not address whether defendants' conduct was willful or wanton as contemplated by section 2. In her reply brief, plaintiff contends, for the first time on appeal, that defendants are subject to liability because they knew or should have known about the defective structure of the awning. The sole thrust of plaintiff's opening brief, however, is that the Act is inapplicable because the ice accumulation on which plaintiff slipped was created by a design defect, not by defendants' positive snow and ice removal efforts. Plaintiff's attempt to bring a new contention in her reply brief is improper. See Ill. S.

- 8 -

Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued [in the opening brief] are waived and shall not be raised in the reply brief ***."); *Franciscan Communities, Inc. v. Hamer*, 2012 IL App (2d) 110431, ¶ 19 ("[A]rguments may not be raised for the first time in reply briefs.").

¶ 21    Consequently, we find no error in the trial court's holding that the Act applies to bar plaintiff's suit.

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

¶ 24    Affirmed.